■ COMMONWEALTH LAND TITLE INSURANCE COMPANY, Respondent, v MATTHEW MATTERA, Appellant, et al., Defendant. [616 NYS2d 798] —In an action pursuant to CPLR 3213 on an instrument for the payment of money only, the defendant Matthew Mattera appeals from a judgment of the Supreme Court, Nassau County (Levitt, J.), entered October 29, 1992,

which is in favor of the plaintiff and against him in the principal sum of $75,123.15.

Ordered that the judgment is modified by deleting the decretal paragraph thereof awarding the plaintiff the principal sum of $75,123.15; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a trial as to the amount due to the plaintiff.

On or about May 29, 1987, a promissory note in the sum of $75,000 was executed by Matthew Mattera and Severio Bruscino for the purpose of funding construction of a one family dwelling. The note was secured by a mortgage on the parcel of real property on which the dwelling was to be constructed.

On November 16, 1987, Mattera and Bruscino conveyed the property, improved by a one family dwelling, to Robert Whalen, Jr. and his wife, Audrey Whalen. The mortgage given by Mattera and Bruscino to secure the $75,000 note was not listed as an exception and was not satisfied at the closing of title. Commonwealth Land Title Insurance Company (hereinafter Commonwealth) insured title to the Whalens.

After transfer of the property to the Whalens, Mattera and Bruscino executed four consolidation, extension, and modification agreements (hereinafter CEM agreements) with respect to the $75,000 note even though they no longer owned the property. Pursuant to the last of these CEM agreements, the note became due on May 28, 1990. Mattera defaulted and a foreclosure action was commenced.

Commonwealth, pursuant to the title insurance policy, was assigned all of the rights, title, and interest in and to the note and mortgage. Thereafter, Commonwealth commenced the instant action against Mattera and Bruscino, pursuant to CPLR 3213. In opposition, Mattera denied executing the original note and mortgage and the CEM agreements. Bruscino failed to appear in this action.

After a framed issue trial on the question of the genuineness of Mattera's signature, the Court granted judgment in favor of Commonwealth. The court found that although the signature on the original note and mortgage was not Mattera's he had duly executed three of the four CEM agreements. Based upon the key language in the CEM agreements the court ruled, as a matter of law, that Mattera had "ratified the note and assumed all duties, obligations, and responsibilities thereunder".

The question presented on appeal is whether the determina-

tion that Mattera ratified the original note and mortgage, based on an interpretation of the language in the CEM agreements, presents an issue of fact to be determined by the jury, or a question of law to be decided by the court. Where the "intention of the parties may be gathered from the four corners of the instrument, interpretation of the contract is a question of law and no trial is necessary to determine the legal effect of the contract *(Brainard* v. *New York Central R. R. Co.* 242 N. Y. 125; *Matter of Western Union Tel. Co. [American Communications Assn.],* 299 N. Y. 177)." *(Bethlehem Steel Co. v Turner Constr. Co.,* 2 NY2d 456, 460.)

The key language of the CEM agreements, *i.e.,* "I agree to take over all of the obligations under the *Notes and Mortgages* as consolidated and modified by this Agreement as Borrower * * * even if some other person made those promises and agreements before me" (emphasis supplied) is clear and unequivocal language of the parties' intentions *(see, Hedeman v Fairbanks, Morse & Co.,* 286 NY 240 [terms of written instrument was sufficiently clear, certain, and definite to render it enforceable as an instrument for the payment of money only]; *see also, Hermes v Title Guar. & Trust Co.,* 282 NY 88; *Rothschild v Title Guar. & Trust Co.,* 204 NY 458).

Moreover, Mattera is judicially estopped from denying his knowledge of and his motive for executing the CEM agreements, because at the framed issue trial he admitted both knowledge of the note and mortgage, as well as the CEM agreements, and conceded that the purpose of the mortgage was to secure funds to improve the property *(see, Environmental Concern v Larchwood Constr. Corp.,* 101 AD2d 591).

With respect to the amount of the judgment, the record is devoid of any proof as to the methodology or calculations employed by Commonwealth in determining the amount due on the note or the costs and disbursements it incurred. Therefore, this matter is remitted to the Supreme Court for an immediate trial to determine the sum due (CPLR 3212 [c]).

We have considered the appellant's remaining contentions and find them to be without merit. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.