*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    June 18, 2015                    520095
_____

TUTHILL FINANCE, A LIMITED
    PARTNERSHIP,
                        Appellant,

        v                                    MEMORANDUM AND ORDER

TAMMY CANDLIN, as Administrator
    of the Estate of JOHN
    CANDLIN, Deceased,
                        Respondent,
                        et al.,
                        Defendants.
_____

Calendar Date:    April 22, 2015

Before:    Lahtinen, J.P., Garry, Lynch and Clark, JJ.

_____

        Robinowitz Cohlan Dubow & Doherty, LLP, White Plains (Bruce Minkoff of counsel), for appellant.

        Clair & Gjertsen, Scarsdale (Ira S. Clair of counsel), for respondent.

_____

Lahtinen, J.P.

        Appeal from an order of the Supreme Court (Melkonian, J.), entered January 17, 2014 in Ulster County, which, among other things, denied plaintiff's motion for summary judgment.

        John Candlin (hereinafter decedent) owned a 31-acre parcel in Ulster County that included a horse farm as well as a single-family home where he and his family resided.  In May 2007, decedent mortgaged the entire parcel in exchange for a 15-year $285,000 loan with an 11.5% adjustable interest rate.  Decedent

defaulted on the loan payments beginning in March 2010. Plaintiff commenced this foreclosure action in January 2011 and decedent's answer asserted affirmative defenses including, among others, that plaintiff failed to fully comply with the notice requirements of RPAPL 1304.

Following decedent's death in January 2012, defendant Tammy Candlin (hereinafter defendant), his wife, became administrator of his estate. Plaintiff thereafter moved to, among other things, substitute defendant for decedent and grant plaintiff summary judgment on its foreclosure action. Supreme Court granted that part of the motion as sought to substitute defendant for decedent, but found factual issues as to whether the loan was a commercial loan, as contended by plaintiff, or a "home loan" (see RPAPL 1304 [5] [a]) subject to specific statutory notice provisions. The court further found that plaintiff's motion papers had not adequately established compliance with all pertinent statutory procedures in the event that the loan was determined to be a home loan. Summary judgment was denied without prejudice and with leave to renew on proper proof. Plaintiff appeals.

Plaintiff contends that it established as a matter of law that the loan did not fall within the definition of a "home loan" as set forth in RPAPL 1304 (5) (a). The statutory definition of a home loan contains four elements, and the only one in dispute here is whether the debt was incurred "primarily for personal, family, or household purposes" (RPAPL 1304 [5] [a] [ii]). This was a mixed use property where decedent operated an equine business but also lived on the property in a single-family house with his family. The loan does not indicate that the funds were being provided for a business purpose, and the mortgage incorporated language typically used in residential mortgages. Although plaintiff now claims that the loan was made to assist decedent's equine operations, defendant states in her affidavit that only a small percentage of the funds were used for the business. Inasmuch as there are factual issues as to whether the loan was a statutorily defined home loan (cf. Pritchard v Curtis, 101 AD3d 1502, 1504 n 1 [2012]), Supreme Court correctly denied plaintiff summary judgment on this issue. Moreover, in light of such factual issues, we decline defendant's request that we

search the record and decide the issue as a matter of law in her favor.

Plaintiff further argues that, even if the loan was a home loan, it complied with all the applicable notice requirements. We are unpersuaded. "RPAPL 1304 requires a lender to notify a borrower of an impending legal action at least 90 days before a foreclosure action is commenced, using specific statutory language printed in 14-point type [and] [t]he notice must be sent to the borrower by first-class mail as well as registered or certified mail" (TD Bank, N.A. v Leroy, 121 AD3d 1256, 1257 [2014] [citations omitted]). The notice in the record has type that is smaller than the statutorily required 14-point type (see RPAPL 1304 [1]). Although plaintiff submitted an affidavit from one of its partners stating that the notice had been properly mailed, such individual did not purport to have personal knowledge of such fact nor is a contemporaneous affidavit of service included in the record (see TD Bank, N.A. v Leroy, 121 AD3d at 1257-1258). The record also does not clearly establish that the notice was, as required by statute, sent in "a separate envelope from any other mailing or notice" (RPAPL 1304 [2]).

The remaining arguments have been considered and are either academic or unavailing.

Garry, Lynch and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court