Capital One, N.A. v Liman (2021 NY Slip Op 02270)





Capital One, N.A. v Liman


2021 NY Slip Op 02270


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2019-12313
 (Index No. 9814/14)

[*1]Capital One, N.A., respondent,
v
Dana Liman, appellant, et al., defendants.


Richland & Falkowski, PLLC, Astoria, NY (Michael Falkowski of counsel), for appellant.
Woods Oviatt Gilman LLP, Rochester, NY (Cassie T. Doran and Natalie A. Grigg of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Dana Liman appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 15, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike her answer, and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Dana Liman, to strike her answer, and for an order of reference are denied.
On October 14, 2014, the plaintiff commenced the instant action against the defendant Dana Liman (hereinafter the defendant), among others, to foreclose a mortgage securing a loan in the amount of $2,145,000. The defendant served an answer, inter alia, raising various affirmative defenses, including noncompliance with RPAPL 1304. In May 2017, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. In an order entered November 15, 2018, the Supreme Court granted the plaintiff's motion. The defendant appeals.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689; see Wells Fargo Bank, N.A. v Ballard, 172 AD3d 1440; Wells Fargo Bank, N.A. v Atedgi, 170 AD3d 1079, 1081). "On its motion for summary judgment, the plaintiff has the burden of establishing, by proof in admissible form, its prima facie entitlement to judgment as a matter of law" (Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d 780, 782; see Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 739).
The plaintiff failed to establish, prima facie, that it strictly complied with RPAPL [*2]1304. RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower in at least fourteen-point type" (see Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 910). RPAPL 1304 requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[2]). "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; see Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 910).
Here, the affidavit of Lori Spisak, an "authorized signer" of the plaintiff, submitted in support of the plaintiff's motion, was insufficient to establish that the RPAPL 1304 notice was properly mailed, because Spisak did not have personal knowledge of the mailing, and her affidavit did not contain proof of the plaintiff's standard office mailing procedure at the time the RPAPL 1304 notice allegedly was sent. The plaintiff also did not provide any independent proof of actual mailing. Moreover, the plaintiff failed to demonstrate that the RPAPL 1304 notice it allegedly sent was in at least fourteen-point type.
Accordingly, since the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference.
CHAMBERS, J.P., AUSTIN, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court