Emigrant Bank v Cohen (2022 NY Slip Op 02532)

Emigrant Bank v Cohen

2022 NY Slip Op 02532

Decided on April 20, 2022

Appellate Division, Second Department

Dillon, J., J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
SHERI S. ROMAN
LARA J. GENOVESI, JJ.

2019-11801
 (Index No. 609593/18)

[*1]Emigrant Bank, etc., respondent, 
v
Seymour Cohen, appellant, et al., defendants.

APPEAL by the defendant Seymour Cohen, in an action to foreclose a mortgage, from an order of the Supreme Court (Thomas A. Adams, J.), entered October 7, 2019, in Nassau County. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Seymour Cohen, to strike his answer, and for an order of reference.

Christopher Thompson, West Islip, NY, for appellant.
Terenzi & Confusione, P.C., Garden City, NY (Jacqueline M. Della Chiesa of counsel), for respondent.

DILLON, J.
This appeal presents an issue of first appellate impression. The defendant homeowner, Seymour Cohen, argues, among other issues, that an alleged inaccuracy in the default amount set forth in the plaintiff's RPAPL 1304 notice warrants denial of the plaintiff's motion for summary judgment, as an inaccuracy represents a lack of strict compliance with the requirements of the statute. We disagree, and for reasons set forth below, conclude that strict compliance with RPAPL 1304 is satisfied so long as the duration and an amount of the default is contained in the notice, and that any continuing dispute over the specific amount is an issue that must await the parties' later litigation.
I. Relevant Facts
On August 27, 2010, Cohen executed a note in the sum of $2,100,000 in favor of nonparty Emigrant Mortgage Company, Inc. (hereinafter EMC). The note was secured by a mortgage on residential property located in the Village of Brookville. The monthly payments on the note were to be $10,636.81.
On July 19, 2018, the plaintiff, Emigrant Bank, successor by merger with Emigrant Savings Bank-Long Island (hereinafter the plaintiff), commenced this action to foreclose the mortgage against Cohen, among others. The plaintiff attached to the complaint a copy of the note and mortgage, along with an assignment of the note and mortgage from the original lender, EMC, to Emigrant Savings Bank-Long Island (hereinafter ESB-LI). On August 13, 2018, Cohen submitted his answer in which he denied the material allegations of the complaint and asserted [*2]multiple affirmative defenses and counterclaims. The affirmative defenses included the plaintiff's alleged noncompliance with the requirements of RPAPL 1304 and lack of standing.
In May 2019, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Cohen, to strike his answer, and for an order of reference. In support of the motion, the plaintiff submitted the affidavit of service of Aaron Smalls, who attested that he personally mailed to Cohen at the Brookville address an RPAPL 1304 notice, by both certified and regular mail. Smalls' affidavit was supported by certified mail receipts and signed acknowledgment cards where the postal tracking numbers matched each other. A copy of the RPAPL 1304 notice, which was also attached to the moving papers, identified the default amount as $64,862.12 over 57 days.
Also in support of the motion, the plaintiff submitted the affidavit of Greg Williamson, who was identified as an assistant treasurer of the plaintiff. Williamson averred that he was personally familiar with the plaintiff's recordkeeping practices and that he had knowledge relevant to this action based on his review of the note, mortgage, and other loan documents and business records. He attached several documents to his affidavit, including the purported mortgage payment history and notices to Cohen, which were apparently produced by EMC in its capacity as the plaintiff's servicer. Williamson also attached a forbearance agreement between the plaintiff and Cohen, dated October 9, 2017, which was printed on EMC letterhead, and which was to be in effect pending the potential private sale of the mortgaged property.
Cohen opposed the plaintiff's motion by arguing, inter alia, that the plaintiff failed to establish its standing to commence the action, and that it had failed to strictly comply with RPAPL 1304. As to standing, Cohen argued that the plaintiff did not provide evidence that the note had been personally delivered or assigned to it. Regarding the RPAPL 1304 notice, Cohen argued, inter alia, that the Smalls affidavit addressing the mailing of the notices was not executed contemporaneously with the events described, and that it therefore did not qualify as an admissible business record.
In reply, on the issue of standing, the plaintiff provided to the Supreme Court for the first time, through another Williamson affidavit, a certificate of merger and related documents, reflecting a merger between ESB-LI and the plaintiff prior to the commencement of the action. The plaintiff argued that the assignment of the mortgage to ESB-LI and the merger of that entity with the plaintiff established the plaintiff's standing.
In an order entered October 7, 2019, the Supreme Court granted the plaintiff's motion, finding that the plaintiff had standing to prosecute the action and had established its strict compliance with the requirements of RPAPL 1304. Cohen appeals.
We reverse the order insofar as appealed from for the reasons set forth below. While the Supreme Court correctly found that the plaintiff established its strict compliance with the requirements of RPAPL 1304, the plaintiff's standing was not established absent sufficient evidence of a merger between ESB-LI and the plaintiff. Therefore, the court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Cohen, to strike his answer, and for an order of reference.
II. The Mailings of the RPAPL 1304 Notice Were Established
Contrary to Cohen's contention, the plaintiff established its compliance with the mailing requirements of RPAPL 1304.
The RPAPL 1304 notice must be sent by registered or certified mail and regular mail at least 90 days before the commencement of any foreclosure action, to the mortgagor's last known address and the property address (see id. § 1304[2]; MTGLQ Invs., L.P. v Cutaj, 202 AD3d 778; U.S. Bank Trust, N.A. v Mohammed, 197 AD3d 1205; Nationstar Mtge., LLC v Paganini, 191 AD3d 790). The plaintiff submitted the affidavit of Smalls who, rather than relying upon business records and the actions of others as is more common in these matters, described how he had personally mailed the notice to the proper identified address on July 28, 2017, by both regular and certified mail. Our Court has held such direct knowledge affidavits, however rare [*3]they are, to be sufficient evidentiary proof of statutory compliance (see McCormick 110, LLC v Gordon, 200 AD3d 672; Ditech Fin., LLC v Naidu, 198 AD3d 611, 614; Wells Fargo Bank, N.A. v Cherot, 197 AD3d 773, 775-776). Smalls' execution of his affidavit of service, while not contemporaneous with the mailings themselves, does not under the circumstances of this case render the proof of service infirm (see CIT Bank N.A. v Schiffman, 36 NY3d 550, 557-558). Further, the Smalls affidavit was supported by, inter alia, copies of the two certified mail receipts, with corresponding signed acknowledgment cards.
III. The Alleged Inaccuracy in the RPAPL 1304 Notice as to the Stated Default Amount
Does Not Render the Notice Defective
Cohen's contention that the plaintiff did not strictly comply with RPAPL 1304 because of a discrepancy in the alleged amount due on the default is also without merit.
RPAPL 1304(1) provides that with regard to home loans, the lender or its assignee or servicer must provide notice to the homeowner of the default in payment, and warn that the homeowner is at risk of losing the home in a foreclosure proceeding. As particularly relevant here, RPAPL 1304(1) also requires that the notice provide the following template information: "As of ___, your home loan is ___ days and ___ dollars in default." In other words, the homeowner is entitled to know from the mortgagee's notice the durational extent and dollar amount of the alleged payment default.
Here, the RPAPL 1304 notice to Cohen stated that as of July 28, 2017, "your home is 57 days, and $64,862.12 dollars in default." The notice therefore complied with the directive of RPAPL 1304 that the homeowner be notified of the duration and amount of the default. A 30-day contractual notice was also transmitted to Cohen in satisfaction of Paragraph 22 of the subject mortgage, and reflected the same date as the statutory notice. The 30-day notice identified the same amount as due at that time—$64,862.12—with a schedule reflecting a prospective escalation of the default amount based on future continuing interest, escrow adjustments, and late fees. While the 30-day notice misdescribed the demand amount of the 90-day notice, both notices plainly identified the actual default amount owed as of July 28, 2017, as $64,862.12.
On appeal, Cohen argues, inter alia, that the RPAPL 1304 notice is inaccurate, as a $10,636.81 monthly obligation which is overdue by 57 days cannot possibly amount to $64,862.12, and that such an inaccuracy prevents the plaintiff from establishing its strict compliance with the mandates of RPAPL 1304. It is established that "a dispute as to the total amount of indebtedness does not preclude an award of summary judgment to the plaintiff on the issue of foreclosure, but is properly raised before the referee in computing the amount due" (Excel Capital Group Corp. v 225 Ross St. Realty, Inc., 165 AD3d 1233, 1235; see RPAPL 1321; Shufelt v Bulfamante, 92 AD3d 936, 937).
RPAPL 1304 is a notice statute designed to aid the homeowner in attempting to avoid litigation (see Bank of N.Y. Mellon v Forman, 176 AD3d 663, 666). The required notice is a condition precedent to the commencement of a foreclosure litigation involving home loans (see U.S. Bank N.A. v Williams Family Trust, 202 AD3d 1024; U.S. Bank N.A. v Gordon, 202 AD3d 872; Sparta GP Holding Reo Corp. v Lynch, 186 AD3d 894), but the notice is not jurisdictional (see U.S. Bank N.A. v Carey, 137 AD3d 894, 896; Pritchard v Curtis, 101 AD3d 1502, 1504) and does not represent the litigation itself. In other words, the notice provides homeowners with required and useful "information" to protect their interests, but is not "adjudicative" in nature since there is no litigation between the parties during its statutory 90-day period. When the parties dispute the default amount owed by a mortgagor to a mortgagee, the adjudication of that issue occurs upon the court issuing an order of reference, when a referee hears and reports on the amount due under the note (see RPAPL 1321; Long Is. Sav. Bank of Centereach, F.S.B. v Denkensohn, 222 AD2d 659 [dispute over default amount demanded in the plaintiff's complaint]; Crest/Good Mfg. Co. v Baumann, 160 AD2d 831; Gustavia Home, LLC v Hoyer, 362 F Supp 3d 71 [ED NY]), and when the court thereafter entertains a motion for a judgment of foreclosure and [*4]sale using the referee's sum or other sum in a judgment. As stated by the United States District Court for the Eastern District of New York in Gustavia Home, a dispute between the parties over the exact amount owed by the mortgagor does not affect the adequacy of the RPAPL 1304 notice itself or preclude the grant of summary judgment in favor of the mortgagee, but merely implicates the amount of the mortgaged debt that is to be paid (see Gustavia Home, LLC v Hoyer, 362 F Supp 3d at 83).
This Court has often stated that there must be strict compliance with the mandates of RPAPL 1304 (e.g. Bank of Am., N.A. v Kessler, 202 AD3d 10, 14; CV XXVII, LLC v Trippiedi, 187 AD3d 847; Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). We do not take issue with those and similar reported cases. That acknowledged, we find that where RPAPL 1304 requires the homeowner to be informed of the duration and dollar amount of a mortgage-related default, and the creditor provides a notice that includes the number of days of the default, a dollar amount of claimed arrears, and the cure date, the plaintiff has met its burden of demonstrating strict compliance with the statute (cf. U.S. Bank Natl. Assn. v Cox, ___ AD3d ___, ___, 2022 NY Slip Op 02149, *3 [2d Dept] [the plaintiff did not eliminate the existence of a triable issue of fact as to whether an RPAPL 1304 notice was defective where there was a discrepancy between the default date listed on the RPAPL 1304 notice and the default date listed in a notice of default and the complaint]; Sparta GP Holding Reo Corp. v Lynch, 186 AD3d at 895-896 [the plaintiff failed to establish its strict compliance with RPAPL 1304 where there was a discrepancy between the cure date listed in the RPAPL 1304 notice and the cure date listed in a notice of default]; Hudson City Sav. Bank v DePasquale, 113 AD3d 595, 596 [the plaintiff failed to demonstrate strict compliance with RPAPL 1304 where the RPAPL 1304 notice contained a conceded factual inaccuracy regarding the date of default]). The language of RPAPL 1304 necessarily requires the creditor to unilaterally determine the default amount that it believes due at that snapshot in time, and advise the homeowner of that sum and of other rights and warnings. No provision of the statute, which has otherwise been written with great legislative detail, care, and precision, requires that there be any breakdown about how the default amount is mathematically computed. The statute does not infuse into the notice procedure an adjudicative mechanism or penalty in the event that the homeowner takes issue with the amount of the identified default sum. The sum, once set forth in the notice, will necessarily change with time. It may be discussed and negotiated with the mortgagee post-notice, consistent with the statute's public policy purpose of helping the mortgagor bridge the communication gap to potentially avoid a foreclosure litigation and retain the home (see Citibank, N.A. v Crick, 176 AD3d 776, 778; Cadelrock Joint Venture, L.P. v Callender, 41 Misc 3d 903, 906 [Sup Ct, Kings County]; Senate Introducer's Mem in Support, Bill Jacket, L 2008, ch 472 at 10). Here, the plaintiff satisfied the requirements of RPAPL 1304 by advising Cohen in the RPAPL 1304 notice of the number of days of the default and the sum claimed then to be due. If this Court were to accept Cohen's argument that an RPAPL 1304 notice is rendered defective because of an alleged inaccuracy in the stated default amount, then we would elevate it from a notice statute to one which determines the merits of the dispute and, at the same time, eviscerate the purpose of the provisions of RPAPL 1321.
This is not to say that an RPAPL 1304 notice survives scrutiny if it is actually defective on its face. Where an RPAPL 1304 notice fails to reflect information mandated by the statute, including but not limited to the duration and an amount of the default, the statute will not have been strictly complied with and the notice will not be valid (see e.g. Tuthill Fin., a Ltd. Partnership v Candlin, 129 AD3d 1375, 1376 [failure to reflect 14-point typeface where required in the notice by the statute]; Aronson v Callahan, 61 Misc 3d 658, 660 [Sup Ct, Ulster County] [same]; US Bank N.A. v Gurung, 196 AD3d 617, 618 [failure to meet the requirement listing in the notice five housing assistance agencies operating in the region]; Kearney v Kearney, 42 Misc 3d 360, 373 [Sup Ct, Monroe County] [same]).
In any event, there is no reason for us to conclude at this juncture that the $64,862.12 default sum set forth in the plaintiff's RPAPL 1304 notice reflects any actual error. The second [*5]paragraph of the plaintiff's 30-day notice explains that the $64,862.12 amount claimed to be due includes principal, interest, escrow payments, and late charges, which would necessarily raise the gross amount due to a sum that exceeds the amount of the missed principal.
IV. Standing
Notwithstanding the foregoing, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Cohen, to strike his answer, and for an order of reference. A plaintiff moving for summary judgment in an action to foreclose a mortgage establishes its prima facie case by producing the note, the mortgage, and evidence of default (see BNH Milf, LLC v Milford St. Props., LLC, 192 AD3d 960, 962; Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d 780, 782). "Where the plaintiff's standing to commence the action is placed in issue by a defendant, the plaintiff must establish its standing to be entitled to relief" (US Bank N.A. v Hunte, 176 AD3d 894, 896; see Central Mtge. Co. v Resheff, 200 AD3d 640; Ocwen Loan Servicing, LLC v Schacker, 185 AD3d 1041, 1043; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684). The plaintiff has the burden of establishing its prima facie entitlement to summary judgment by proof in admissible form (see Bank of N.Y. Mellon v DeLoney, 197 AD3d 548, 549; Capital One, N.A. v Liman, 193 AD3d 808; Selene Fin., L.P. v Coleman, 187 AD3d 1082; Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d at 782). The plaintiff "cannot meet its prima facie burden by submitting evidence for the first time in reply" (U.S. Bank N.A. v Hammer, 192 AD3d 846, 849; Arriola v City of New York, 128 AD3d 747, 749).
"Standing in residential mortgage foreclosure actions may be established any of three ways": (1) "where the plaintiff is the original lender in direct privity with the defendant"; (2) "where the plaintiff is a holder in physical possession of the note prior to the commencement of the action, with an allonge or indorsement in blank" or special indorsement to the plaintiff; or (3) "when the note underlying an action was assigned to the plaintiff prior to the date of commencement of the action" (Wilmington Sav. Fund Socy., FSB v Matamoro, 200 AD3d 79, 90-91; see also UCC 1-201[b][21][A] [as to physical possession]; UCC 3-204[2] [same]; Ocwen Loan Servicing, LLC v Schacker, 185 AD3d 1041, 1043 [same]; Bank of N.Y. Mellon Trust Co., NA v Obadia, 176 AD3d 1020, 1022 [same]; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684 [same]; Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362 [as to assignment]; US Bank Trust, N.A. v Loring, 193 AD3d 1101 [same]; Nationstar Mtge., LLC v Tabick, 193 AD3d 950 [same]).
Here, the plaintiff failed to establish, prima facie, that it had standing to commence the action. The plaintiff is not the original lender. The subject note, though attached to the complaint, bears no indorsement. And further, the plaintiff failed to produce evidence in admissible form as part of its prima facie case that the note was assigned to it prior to the date of commencement of the action (see Deutsche Bank Natl. Trust Co. v Crosby, 201 AD3d 878; Wilmington Sav. Fund Socy., FSB v Matamoro, 200 AD3d at 91). In fact, while the plaintiff submitted the assignment of the mortgage from the originator, EMC, to its assignee, ESB-LI, "together with the bond or note or obligation described in said mortgage," the record contains no evidence in admissible form that the note was ever further assigned from ESB-LI to the plaintiff (see CitiMortgage, Inc. v Osorio, 174 AD3d 496, 499; Citimortgage, Inc. v Rockefeller, 155 AD3d 998, 998).
The certificate of merger showing that ESB-LI merged into the plaintiff does not demonstrate that the plaintiff is the holder of the subject note. It was submitted to the Supreme Court for the first time in the plaintiff's reply papers, and therefore, could not be considered as part of the plaintiff's initial prima facie proof of standing (see U.S. Bank N.A. v Hammer, 192 AD3d at 849; Arriola v City of New York, 128 AD3d at 749). Procedure aside, the certificate of merger and related documents submitted by the plaintiff indicate that ESB-LI "transferred its assets to one or more institutions including Emigrant Bank" (emphasis added), which fails to adequately track the subject note and mortgage specifically to the plaintiff.
Further, the parties' forbearance agreement of October 9, 2017, neither acknowledges the [*6]plaintiff's standing on its face nor constitutes a waiver of the standing defense (see 3 NYCRR 419.7[j]; Deutsche Bank Natl. Trust Co. v Szal, 193 AD3d 816, 819; Confidential Lending, LLC v Nurse, 120 AD3d 739, 740). The agreement does not state who owns the note or to whom payments under the note are to be made. The plaintiff acknowledges in its appellate brief that the agreement did not contain any language waiving Cohen's defenses. Moreover, in the foreclosure cases cited by the plaintiff involving forbearance or modification agreements, the mortgagee either established standing in one of the ways discussed above, or was denied summary judgment (see e.g. Wells Fargo Bank, N.A. v Walker, 141 AD3d 986 [assignment agreement]; Confidential Lending, LLC v Nurse, 120 AD3d at 740-741 [affirming the denial of summary judgment]; Commonwealth Land Tit. Ins. Co. v Mattera, 208 AD2d 490 [originator]; Wells Fargo Bank v Zelaya, 47 Misc 3d 1228[A], 2015 NY Slip Op 50870[U] [Sup Ct, Suffolk County] [indorsement attached to the note]).
V.Miscellaneous
Cohen's remaining contentions are without merit.
Accordingly, the order is reversed insofar as appealed from, on the law, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Seymour Cohen, to strike his answer, and for an order of reference are denied.
LASALLE, P.J., ROMAN and GENOVESI, JJ., concur.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Seymour Cohen, to strike his answer, and for an order of reference are denied.
ENTER: Maria T. Fasulo
Clerk of the Court