PNC Bank, N.A. v Helal (2022 NY Slip Op 06829)

PNC Bank, N.A. v Helal

2022 NY Slip Op 06829

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
JANICE A. TAYLOR, JJ.

2020-02596
 (Index No. 17435/13)

[*1]PNC Bank, National Association, etc., respondent,
v
Santona Helal, etc., appellant, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
McGlinchey Stafford PLLC, New York, NY (Mikelle V. Bliss and Dennis A. Amore of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Santona Helal appeals from an order of the Supreme Court, Queens County (Mojgan C. Lancman, J.), entered January 6, 2020. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against that defendant.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In September 2013, the plaintiff commenced this action against the defendant Santona Helal (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Queens. After the defendant joined issue, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. The defendant opposed the motion, arguing, among other things, that the RPAPL 1304 notice was inaccurate as to the stated default amount and thus, the plaintiff failed to strictly comply with RPAPL 1304. In an order entered January 6, 2020, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant.
The defendant's contention that the plaintiff did not strictly comply with RPAPL 1304 because of an alleged inaccuracy as to the amount due on the default is without merit (see Emigrant Bank v Cohen, 205 AD3d 103, 108-110). "[S]trict compliance with RPAPL 1304 is satisfied so long as the duration and an amount of the default is contained in the [RPAPL 1304] notice, and . . . any continuing dispute over the specific amount is an issue that must await the parties' later litigation" (id. at 105). Here, the RPAPL 1304 notice, which was attached to the plaintiff's motion papers, complied with the directive of RPAPL 1304 that the homeowner be notified of the duration and amount of the default.
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant.
IANNACCI, J.P., RIVERA, ZAYAS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court