U.S. Bank, N.A. v Royal (2024 NY Slip Op 05126)

U.S. Bank, N.A. v Royal

2024 NY Slip Op 05126

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2023-03364
 (Index No. 9866/10)

[*1]U.S. Bank, N.A., etc., plaintiff, 
v
Phillippa Royal, appellant, et al., defendants; HSBC Mortgage Services, Inc., etc., nonparty-respondent.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan of counsel), for nonparty-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Phillippa Royal appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated February 22, 2023. The order, insofar as appealed from, granted that branch of the motion of nonparty HSBC Mortgage Services, Inc., which was for an order of reference and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In October 2005, the defendant Phillippa Royal (hereinafter the defendant) executed a note in the amount of $340,000, secured by a mortgage on real property located in Brooklyn. In April 2010, the plaintiff's predecessor in interest, HSBC Mortgage Services, Inc. (hereinafter HSBC), commenced this action to foreclose the mortgage. After a trial, the Supreme Court determined that HSBC established that it was entitled to foreclose the mortgage. In an order dated November 19, 2019 (hereinafter the trial order), the court directed that HSBC "may proceed with the foreclosure."
In January 2020, HSBC moved, inter alia, to strike the defendant's answer, to substitute the plaintiff for HSBC, and for an order of reference. On December 21, 2020, the defendant filed a notice of settlement of a proposed judgment after trial awarding HSBC a judgment of foreclosure and sale in the amount of $0. HSBC rejected the defendant's proposed judgment after trial, contending that the trial order did not direct the filing of a notice of settlement of a proposed judgment after trial. In an order dated February 22, 2023, the Supreme Court, among other things, granted that branch of HSBC's motion which was for an order of reference and appointed a referee to compute the amount due to the plaintiff. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court properly granted that branch of HSBC's motion which was for an order of reference. Here, the trial order was silent on the issue of the amount due and directed that HSBC "may proceed with the foreclosure." Since the issue of the amount due was the sole dispute that remained unresolved after the trial, the court [*2]properly granted that branch of HSBC's motion which was for an order of reference (see Emigrant Bank v Cohen, 205 AD3d 103, 109).
Further, HSBC was not required to file a notice of settlement of a proposed judgment after trial. "Proposed orders or judgments, with proof of service on all parties where the order is directed to be settled or submitted on notice, must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of the decision directing that the order be settled or submitted" (22 NYCRR 202.48[a]). "Failure to submit the order or judgment timely shall be deemed an abandonment of the motion or action, unless for good cause shown" (22 NYCRR 202.48[b]). However, "[t]hese provisions are not applicable where the decision does not explicitly direct that the proposed judgment or order be settled or submitted for signature" (LaSalle Bank N.A. v Benjamin, 164 AD3d 1223, 1225; see Funk v Barry, 89 NY2d 364). Here, the trial order did not direct that a proposed judgment or order be settled or submitted for signature.
The defendant's remaining contention is without merit.
IANNACCI, J.P., MALTESE, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court