Federal Natl. Mtge. Assn. v Williams-Jones (2025 NY Slip Op 01081)

Federal Natl. Mtge. Assn. v Williams-Jones

2025 NY Slip Op 01081

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-05425
 (Index No. 711335/16)

[*1]Federal National Mortgage Association, etc., respondent, 
v
Voncile Williams-Jones, etc., appellant, et al., defendants.

Law Offices of Costello & DeFrancisco, PLLC, Garden City, NY (Daniel J. Costello of counsel), for appellant.
Hill Wallack LLP, New York, NY (Michael C. Manniello of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Voncile Williams-Jones appeals from an order of the Supreme Court, Queens County (Mojgan C. Lancman, J.), entered May 1, 2023. The order, insofar as appealed from, denied that defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the cross-motion of the defendant Voncile Williams-Jones for summary judgment dismissing the complaint insofar as asserted against her is granted.
In September 2016, the plaintiff commenced this action to foreclose a mortgage against the defendant Voncile Williams-Jones (hereinafter the defendant), among others. In her answer, the defendant alleged that the plaintiff failed to comply with RPAPL 1304.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's affirmative defense alleging failure to comply with RPAPL 1304, and for an order of reference. In support, the plaintiff submitted, among other things, 90-day RPAPL 1304 notices purportedly sent to the defendant by nonparty Seterus, Inc., on the plaintiff's behalf. A copy of the notice purportedly sent by first-class mail, dated May 24, 2016, included the sentence: "If you need further information, please call the toll-free helpline at or visit the Department's website at ." A copy of the notice purportedly sent to the defendant by certified mail, dated May 24, 2016, also included the sentence: "If you need further information, please call the toll-free helpline at or visit the Department's website at ." The defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff failed to comply with RPAPL 1304.
In an order entered May 1, 2023, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's affirmative defense alleging failure to comply with RPAPL 1304, and for an order of reference, and denied the defendant's cross-motion for summary [*2]judgment dismissing the complaint insofar as asserted against her. The defendant appeals from so much of the order as denied her cross-motion.
The Supreme Court erred in denying the defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against her. RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). "[A] defendant still has to meet its burden, on a cross motion for summary judgment dismissing the complaint, of establishing that [a] condition precedent was not fulfilled" (id. at 24; see Wells Fargo Bank, N.A. v McMahon, 202 AD3d 886, 888).
"Where an RPAPL 1304 notice fails to reflect information mandated by the statute, . . . the statute will not have been strictly complied with and the notice will not be valid" (Emigrant Bank v Cohen, 205 AD3d 103, 111). Here, at the time the RPAPL 1304 notices were purportedly sent to the defendant, the version of RPAPL 1304 in effect required the notice to include the following sentence: "If you need further information, please call the New York State Department of Financial Services' toll-free helpline at (show number) or visit the Department's website at (show web address)" (id. § 1304[1]; see L 2012, c 155, § 84 [eff July 18, 2012]).
Both RPAPL 1304 notices purportedly sent to the defendant included the sentence: "If you need further information, please call the toll-free helpline at or visit the Department's website at ." Since the notices failed to include the telephone number for the Department of Financial Services' toll-free helpline—a piece of information specifically required by the version of RPAPL 1304 in effect at the time the notices were sent—the notices were facially defective, and the defendant's motion for summary judgment dismissing the complaint insofar as asserted against her should have been granted (see Flagstar Bank, FSB v Damaro, 145 AD3d 858, 860; Tuthill Fin., a Ltd. Partnership v Candlin, 129 AD3d 1375, 1376; cf. Citibank, N.A. v Crick, 176 AD3d 776, 778).
In light of our determination, we need not address the defendant's remaining contention.
DILLON, J.P., WARHIT, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court