HSBC Bank USA, N.A. v Cardona (2025 NY Slip Op 04709)

HSBC Bank USA, N.A. v Cardona

2025 NY Slip Op 04709

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2022-01811
 (Index No. 702683/21)

[*1]HSBC Bank USA, National Association, etc., respondent,
v
Rafael M. Cardona, etc., appellant, et al., defendants.

Rafael Cardona, named herein as Rafael M. Cardona, Jackson Heights, NY, appellant pro se.
Reed Smith LLP, New York, NY (Yimell M. Suarez Abreu and Andrew B. Messite of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Rafael M. Cardona appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), dated March 7, 2022. The order denied that defendant's motion to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
In August 2013, the plaintiff commenced this action against, among others, the defendant Rafael M. Cardona (hereinafter the defendant), to foreclose a mortgage encumbering certain real property located in Queens. Thereafter, the defendant moved to dismiss the complaint insofar as asserted against him, contending that the plaintiff failed to strictly comply with RPAPL 1304 because the 90-day notice was inaccurate as to the amount due on the loan. In an order dated March 7, 2022, the Supreme Court denied the defendant's motion. The defendant appeals.
The defendant's contention that the plaintiff did not strictly comply with RPAPL 1304 because of an alleged inaccuracy as to the amount due is without merit. "[S]trict compliance with RPAPL 1304 is satisfied so long as the duration and an amount of the default is contained in the notice" (PNC Bank, N.A. v Helal, 210 AD3d 1123, 1124; see Emigrant Bank v Cohen, 205 AD3d 103, 111). Any dispute over the specific amount due "must await the parties' later litigation" (PNC Bank, N.A. v Helal, 210 AD3d at 1124). Here, the RPAPL 1304 notice contained the duration and an amount of the default as required.
The defendant's remaining contentions are either improperly raised for the first time on appeal or without merit.
Accordingly, the Supreme Court properly denied the defendant's motion to dismiss the complaint insofar as asserted against him.
DILLON, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court