Wilmington Sav. Fund Socy., FSB v Azzani (2025 NY Slip Op 06219)

Wilmington Sav. Fund Socy., FSB v Azzani

2025 NY Slip Op 06219

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2024-01282
 (Index No. 518173/20)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent, 
v
Mohamed Azzani, etc., appellant, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (Steven Amshen and James Tierney of counsel), for appellant.
Friedman Vartolo LLP, New York, NY (Ronald P. Labeck of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Mohamed Azzani appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated August 10, 2023. The order granted the plaintiff's motion for leave to renew its opposition to the motion of the defendant Mohamed Azzani for summary judgment dismissing the complaint insofar as asserted against him, which had been granted in an order of the same court dated September 14, 2022, and upon renewal, vacated the order dated September 14, 2022, and denied the motion of the defendant Mohamed Azzani.
ORDERED that the order dated August 10, 2023, is affirmed, with costs.
In January 2006, the defendant Mohamed Azzani (hereinafter the defendant) allegedly executed a note in the sum of $180,000, which allegedly was secured by a mortgage on certain real property located in Brooklyn. In September 2020, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant interposed an answer asserting various affirmative defenses, including that the plaintiff failed to comply with RPAPL 1304.
Thereafter, the defendant moved for summary judgment dismissing the complaint insofar as asserted against him based on the plaintiff's alleged failure to comply with the separate envelope requirement of RPAPL 1304, relying on this Court's determination in Bank of Am., N.A. v Kessler (202 AD3d 10). According to the defendant, the 90-day notice included additional debt collection language and, thus, was in violation of RPAPL 1304(2). In an order dated September 14, 2022, the Supreme Court granted the defendant's motion.
In June 2023, the plaintiff moved for leave to renew its opposition to the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him, arguing that the Court of Appeals' decision in Bank of Am., N.A. v Kessler (39 NY3d 317, 326-327) amounted to a change in the law that would change the prior determination. In an order dated August 10, 2023, the Supreme Court granted the plaintiff's motion for leave to renew and, upon renewal, denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him. [*2]The defendant appeals.
"A motion for leave to renew is the appropriate vehicle for seeking relief from a prior order based on a change in the law" (Opalinski v City of New York, 205 AD3d 917, 919 [internal quotation marks omitted]; see FV-1, Inc. v Palaguachi, 234 AD3d 818, 820).
"The 'separate envelope' mandate of RPAPL 1304(2) provides that '[t]he notices required by this section shall be sent by the lender, assignee or mortgage loan servicer in a separate envelope from any other mailing or notice'" (Bank of Am., N.A. v Gonzalez, 219 AD3d 433, 435; see Deutsche Bank Natl. Trust Co. v Pirozzi, 230 AD3d 736, 740).
The Court of Appeals' decision in Bank of Am., N.A. v Kessler (39 NY3d at 326-327) was sufficient to support renewal based on a change in the law. In Kessler, the "Court of Appeals reversed this Court's [opinion] and order [in Bank of Am., N.A. v Kessler (202 AD3d 10)], holding that accurate statements that further the underlying statutory purpose of providing information to borrowers that is or may become relevant to avoiding foreclosure, do not constitute an 'other notice' that must be sent in a separate envelope" (Wells Fargo Bank, N.A. v Smart, 234 AD3d 1016, 1018; see Bank of Am., N.A. v Kessler, 39 NY3d at 326). "The Court of Appeals held that RPAPL 1304 does not prohibit the inclusion of additional information in the envelope that may help borrowers avoid foreclosure and is not false or misleading" (Wells Fargo Bank, N.A. v Smart, 234 AD3d at 1018; see Bank of Am., N.A. v Kessler, 39 NY3d at 328).
Here, the 90-day notice included information stating that the notice was from a debt collector, that it was an attempt to collect a debt, and that any information obtained will be used for that purpose. Contrary to the defendant's contention, this additional information did not constitute an "other . . . notice" for the purpose of RPAPL 1304(2), where the additional information "'further[ed] the statutory purpose by informing [the defendant] of additional protections [he] may have beyond those identified in the statutory notice language'" (Deutsche Bank Natl. Trust Co. v Pirozzi, 230 AD3d at 740, quoting Bank of Am., N.A. v Kessler, 39 NY3d at 326-327).
Moreover, the defendant's contention that the plaintiff did not strictly comply with RPAPL 1304 because of an alleged discrepancy as to the amount due on the default is without merit (see PNC Bank, N.A. v Helal, 210 AD3d 1123, 1124; Emigrant Bank v Cohen, 205 AD3d 103, 108-110). "[S]trict compliance with RPAPL 1304 is satisfied so long as the duration and an amount of the default is contained in the [RPAPL 1304] notice, and . . . any continuing dispute over the specific amount is an issue that must await the parties' later litigation" (PNC Bank, N.A. v Helal, 210 AD3d at 1124 [internal quotation marks omitted]; see Emigrant Bank v Cohen, 205 AD3d at 105). Here, the 90-day notice complied with the directive of RPAPL 1304 that the homeowner be notified of the duration and the amount of the default. Further, contrary to the defendant's contention, the discrepancy in the amount due was not "false, misleading, obfuscatory, or unrelated information," so as to render the 90-day notice void (Bank of Am., N.A. v Kessler, 39 NY3d at 328).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly granted the plaintiff's motion for leave to renew and, upon renewal, denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
CHAMBERS, J.P., CHRISTOPHER, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court