■ JOSEPHINE AND ANTHONY CORP., et al., Appellants, v NORMAN P. HORWITZ, Respondent.—In an action *inter alia* to declare: (1) that a certain stipulation is of no force and effect; and (2) the amount due plaintiffs from defendant, plaintiffs appeal from a judgment of the Supreme Court, Kings County, dated March 16, 1976, which after a trial, is in favor of plaintiff Josephine Presti and against defendant, upon the court's declaration that the stipulation was in full force and effect and fixation of the amount due from defendant. Judgment affirmed, with costs. During the period from October, 1964 to March, 1965 the defendant borrowed from the plaintiff corporation. Part payment was made, resulting, as of May 18, 1971, in a balance due of $8,950. On that date the defendant offered plaintiffs a "stipulation", with terms, although no action was pending. The plaintiffs did not sign the stipulation as tendered, but instead modified it. By his attorney's letter, the defendant rejected the agreement as modified and renewed the original offer. A check for $75, the first payment, was enclosed with that letter. The plaintiffs never replied, but did cash that check and the subsequent 18 checks tendered pursuant to the renewed offer. Defendant ceased paying on May 3, 1973. Plaintiffs commenced this action, contending that no agreement had ever been entered into and seeking the remaining principal due, with interest from October, 1964. It is our opinion that the parties entered into a binding agreement, and, therefore, that interest should be computed from the date of default on that agreement. Plaintiffs' return of the modified agreement constituted a counteroffer. The defendant's attorney's letter rejected the counteroffer. However, that same letter also contained a renewal of the original offer. While silence, of itself, is not an acceptance absent a duty to speak, "[a] duty to speak is imperative as a matter of law where conduct, accompanied by silence, would be deceptive and beguiling" *(Brennan v National Equit. Inv. Co.,* 247 NY 486, 490). When the plaintiffs cashed the checks, an acceptance of the renewed offer was indicated by their conduct. Sufficient consideration existed to support the contract (see *Mandel v Liebman,* 303 NY 88), and the Statute of Frauds (General Obligations Law, § 5-701) does not apply (see *Blakeley v Agency of Canadian Car & Foundry Co.,* 73 NYS2d 573, affd 272 App Div 1001). Hopkins, J. P., Rabin, Hawkins and O'Connor, JJ., concur.