■ SLATTERY ASSOCIATES, INC., Plaintiff, v CITY OF NEW YORK, Defendant. (Action No. 1.) SLATTERY ASSOCIATES, INC., Respondent, v CITY OF NEW YORK, Appellant. (Action No. 2.) — Order, Supreme Court, New York County (G. B. Smith, J.), entered November 24, 1982, denying defendant's motion for summary judgment dismissing action No. 2, is unanimously reversed, on the law, without costs, and summary judgment is granted to the city dismissing said action No. 2. Plaintiff's brief explicitly says that the action is for breach of contract. (A tort claim would apparently be barred for failure to file a timely notice of claim under section 50-e of the General Municipal Law.) Plaintiff and defendant city entered into a construction contract whereby plaintiff agreed to do certain work for the city. The site was invaded by a mob, apparently because of objection to plaintiff's alleged hiring practices, and damage and delay were caused. The police were called but according to plaintiff the police did not stop the mob, and indeed restricted plaintiff from possible interference. Under the contract, plaintiff had the obligation to safeguard the site, and plaintiff agreed to make no claim for damages for delay occasioned by any act or omission of any act by the city. This exculpatory clause has been sustained as valid and enforceable, at least in the absence of a showing that the city acted in bad

faith, and with deliberate intent delayed the plaintiff, or perhaps with gross negligence betokening a reckless interference to the rights of others. (*Kalisch-Jarcho, Inc. v City of New York,* 58 NY2d 377.) It is not contended that the city was guilty of such intentional misconduct unless the failure to furnish adequate police protection be deemed such. The duties and liabilities of the city in its proprietary capacity are different from those in its governmental capacity, the latter involving important questions as to the allocation of "limited police resources". (See *Riss v City of New York,* 22 NY2d 579, 582; *Bass v City of New York,* 38 AD2d 407, 413, affd 32 NY2d 894; *Weiner v Metropolitan Transp. Auth.,* 55 NY2d 175, 182.) The city does not breach a contract entered into in its proprietary capacity by a failure to exercise in a particular way its governmental function of allocation of police resources and protection. No basis is revealed in law or in fact why the city should be estopped from contending that it is not liable for breach of contract by reason of the actions of the police department. Concur — Sandler, J. P., Silverman, Fein, Milonas and Alexander, JJ.