■ BLAU MECHANICAL CORP., Respondent, v CITY OF NEW YORK, Appellant.—

The issue in this appeal is whether the contractual delays for which plaintiff-respondent seeks monetary damages were contemplated by the parties when they entered into their agreement. Contrary to the finding of Supreme Court, we conclude that the delays complained of herein were contemplated by the parties.

The Court of Appeals has reaffirmed the rule that a contract clause barring damages for delay in the performance of the contract is valid and "will prevent recovery of damages resulting from a broad range of reasonable and unreasonable conduct" if the conduct was contemplated by the parties when they entered into the agreement. *(Corinno Civetta Constr. Corp. v City of New York,* 67 NY2d 297, 305 [1986].) Such a clause will not, however, prevent recovery for damages resulting from the contractee's intentional wrongdoing, gross negligence, or willful misconduct *(Corinno Civetta Constr. Corp. v City of New York, supra; Kalisch-Jarcho, Inc. v City of New York,* 58 NY2d 377 [1983]; *Buckley & Co. v City of New York,* 121 AD2d 933 [1st Dept 1986], *lv dismissed* 69 NY2d 742 [1987]). Plaintiff-respondent contracted to perform the plumbing work for the simulated tropical rain forest at the New York Zoological Park in The Bronx. Respondent was to complete the work within 730 consecutive days from the date on which defendant-appellant directed it to proceed with the work. In article 13 of the contract, respondent agreed to make "no claim for damages for delay in the performance of this contract occasioned by any act or omission to act of the City". Respondent began work on December 8, 1977 but completed the project 709 days after the scheduled completion date. Thereafter, it instituted this lawsuit to recover damages for the delays allegedly caused by the city.

Respondent alleged that its performance was delayed by changes in the structure of the exhibit requiring modifications of the agreement which had to be approved by the Board of Estimate; a change order calling for additional excavation because subsurface conditions deviated from what was shown on appellant's plans; and for delays allegedly caused when a local community group entered on the jobsite and threatened the workers, forcing them to leave.

The city contends that the parties foresaw the possibility that subsurface conditions at the site might materially differ

from what was shown on the contract drawings and plans. In section 4 (b) of the information for bidders, prospective contractors were advised that should they encounter subsurface conditions which "will materially affect the cost of the work to be done under the contract" they could request modification of the agreement. In *Buckley & Co. v City of New York (supra,* at 934), this court, interpreting a similar provision, held that "while the conditions themselves may not have been anticipated, the possibility, however unlikely, of their arising was contemplated and addressed by the parties in their agreement". Moreover, respondent concedes that it received a supplement of $78,000 (equal to 25% of the contract price) for the additional excavation work.

Changes in the work also were contemplated in articles 25 and 26 of the contract. The city reserved the right in article 25 to modify or change the contract, and article 26 set forth methods of payment for the extra work performed by the contractor. Thus, the possibility of changes was explicitly anticipated in the parties' contract.

Finally, the delay caused by the intrusion of a local community group onto the work site cannot be attributed to the city, as this court held in *Slattery Assocs. v City of New York* (98 AD2d 686 [1st Dept 1983]). Even if it were, there is no evidence that the city's alleged failure to provide adequate police protection was either grossly negligent or intentional and, therefore, under the holding in *Corinno Civetta Constr. Corp. v City of New York (supra),* damages are not recoverable for this delay. Concur—Murphy, P. J., Kupferman, Sullivan, Carro and Rosenberger, JJ.