█ ELDOR CONTRACTING CORP., Plaintiff, v COUNTY OF NASSAU, Defendant and Third-Party Plaintiff. CENTRUM CONSTRUCTION CO., INC., Third-Party Defendant-Respondent, et al., Third-Party Defendant; GENERAL ELECTRIC COMPANY et al., Third-Party Defendants-Appellants. [708 NYS2d 447] —In an action to recover damages for breach of contract, the fourth-party defendants appeal from an order of the Supreme Court, Nassau County (Levitt, J.), dated December 24, 1998, which denied their motion for summary judgment dismissing the fourth-party complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the fourth-party complaint is dismissed, and the action against the defendant and the third-party defendants is severed.

The fourth-party plaintiff, Centrum Construction Co., Inc. (hereinafter Centrum), was a prime contractor in a multi-million dollar raw sewage plant improvement project undertaken by the County of Nassau. As part of this project, in early September 1991, Centrum sent the fourth-party defendants, General Electric Company, General Electric Company d/b/a G.E. Sales and Services, and General Electric Company d/b/a G.E. Apparatus Service (hereinafter GE), a purchase order offering them subcontracting work. In response, on September 26, 1991, GE sent Centrum a letter agreeing to undertake the work provided that Centrum concurred with certain "clarifications and exceptions" to the original purchase order. Those proposed modifications of the original contract included the provision that "GE's Warranty as per GE's Terms & Conditions" would apply. Paragraph 8 of GE's warranty provided that Centrum could not sue GE for consequential or incidental damages, and that direct damages would be capped at the greater of $5,000 or the contract price.

Centrum did not reply to GE's September 26th letter, but on November 4, 1991, shipped the first motor to GE for rehabilitation. Apparently the work was performed and paid for.

By its acquiescent conduct, Centrum accepted the counteroffer tendered to it by GE in its letter dated September 26, 1991, including the "limitations of liability" terms contained in GE's warranty (*see, e.g., Costello Assocs. v Standard Metals Corp.,* 99 AD2d 227; *Josephine & Anthony Corp. v Horwitz,* 58 AD2d

643). Moreover, the two limitation of liability provisions at issue here are consistent and do not render the underlying contract ambiguous (*see, e.g., Metropolitan Life Ins. Co. v Noble Lowndes Intl.,* 84 NY2d 430; *Sommer v Federal Signal Corp.,* 79 NY2d 540; *Daily News v Rockwell Intl. Corp.,* 256 AD2d 13; *Sanif, Inc. v Iannotti,* 119 AD2d 654).

Paragraph 8b of the warranty provides, in pertinent part, that "[i]n no event, whether based on contract, indemnity, warranty, tort (including negligence), strict liability or otherwise, shall GE * * * be liable for special, incidental, exemplary or consequential damages including, but not limited to, loss of profits or revenue, loss of use of any property, cost of capital * * * cost of substitute equipment, facilities or services, downtime costs, or claims of customers of the Customer for such damages and the Customer will indemnify GE, its employees and suppliers against any such claims from the Customer's customers". This language, by its terms, operates to bar the fourth-party action against GE, which is in the nature of a "judgment over" in the event that Centrum should be found responsible for cost overruns due to construction delays in the Nassau County project (*see, e.g., Blau Mech. Corp. v City of New York,* 158 AD2d 373; *Davis Constr. Corp. v County of Suffolk,* 149 AD2d 404; *Buckley & Co. v City of New York,* 121 AD2d 933; *see also, MRF Resources v Merchants Bank,* 89 NY2d 244, 246; *X.L.O. Concrete Corp. v Brady & Co.,* 104 AD2d 181, *affd* 66 NY2d 970). Bracken, J. P., Sullivan, Altman and McGinity, JJ., concur.