FREDDY DAIMON, Also Known as FREDI B. DARMON, Appellant, v LEAH FRIDMAN, Respondent. [773 NYS2d 441]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Dowd, J.), dated March 3, 2003, which, after a nonjury trial, is in favor of the defendant and against him, inter alia, dismissing the complaint.

Ordered that on the Court's own motion, the notice of appeal from a decision of the same court, dated November 13, 2002, is deemed a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is reversed, on the law and the

facts, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment in favor of the plaintiff and against the defendant, directing specific performance of the contract.

The plaintiff agreed to purchase residential real property owned by the defendant. The defendant signed a contract of sale prepared by her attorney, who forwarded it to the plaintiff. Above the signature line, the plaintiff's attorney inserted the words "prior to default, 20 days notice to cure to buyer's attorney." The plaintiff signed the contract and returned it with a personal check for the down payment. The check was deposited and the defendant accepted an additional payment of $2,000 from the plaintiff. The down payment check was subsequently dishonored for an irregular signature. Two days after receiving notification that the check was dishonored, the plaintiff proffered a cashier's check for the down payment, but the defendant refused to accept it and rescinded the contract. The plaintiff then commenced this action, inter alia, for specific performance of the contract.

After a nonjury trial, the Supreme Court found in favor of the defendant, concluding that the dishonor of the check constituted a material breach of the contract and that the defendant was not obligated to accept a replacement check. The Supreme Court further concluded that the plaintiff was not entitled to cure his default because his modification of the contract was not accepted by silence or inactivity.

In reviewing a judgment rendered after a nonjury trial, this Court may consider the record as a whole and grant the judgment warranted by the facts (*see We're Assoc. Co. v Rodin Sportswear,* 288 AD2d 465, 466 [2001]; *Ancewicz v Western Suffolk BOCES,* 282 AD2d 632 [2001]). Contrary to the plaintiff's contention, the Supreme Court properly concluded that the dishonor of the down payment check constituted a material breach of the agreement (*see Rawcliffe v Aguayo,* 108 Misc 2d 1027 [1981]). However, its conclusion that the defendant did not accept the plaintiff's modification of the contract is not warranted by the facts.

The plaintiff's modification of the contract by insertion of a cure period constituted a counteroffer (*see Harper v Rodriguez,* 272 AD2d 372 [2000]). While mere silence, when not misleading, cannot be construed as acceptance (*see Matter of Albrecht Chem. Co.,* 298 NY 437 [1949]), a counteroffer may be accepted by conduct (*see Eldor Contr. Corp. v County of Nassau,* 272 AD2d 509 [2000]; *Otis El. Co. v Fuller Co.,* 172 AD2d 732 [1991]; *McIntosh v Niederhoffer, Cross & Zeckhauser,* 106 AD2d 774

[1984]; *Costello Assoc. v Standard Metals Corp.*, 99 AD2d 227, 231 [1984]). The Supreme Court found that the $2,000 payment was advanced to the defendant in contemplation of the eventual closing of the sale. The defendant's conduct in accepting that payment and in depositing the down payment check constituted an acceptance of the plaintiff's counteroffer (*see Josephine & Anthony Corp. v Horwitz*, 58 AD2d 643 [1977]). The plaintiff, therefore, had 20 days to cure his default and he did so. Consequently, he was entitled to specific performance of the contract. Prudenti, P.J., Altman, Luciano and Adams, JJ., concur.