■ CITY READY MIX, INC., Respondent, v HICKSVILLE PAVING, INC., Defendant, and CARLO LIZZA & SONS PAVING, INC., Appellant. [828 NYS2d 481]—

In an action to recover damages for breach of contract, the defendant Carlo Lizza & Sons Paving, Inc., appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Beldock, J.), dated June 6, 2005, as, after a nonjury trial on the issue of liability, is in favor of the plaintiff and against it in the principal sum of $30,863.50.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, the complaint is dismissed insofar as asserted against the defendant Carlo Lizza & Sons Paving, Inc., and the action against the remaining defendant is severed.

In its complaint, the plaintiff alleged that on or about March 23, 2001 it entered into an oral contract with the defendant Hicksville Paving, Inc. (hereinafter Hicksville), and the appellant, Carlo Lizza & Sons Paving, Inc. (hereinafter the appellant), to deliver concrete to various locations. The plaintiff alleged that the defendants failed to pay the sum of $30,863.50 which was due and owing. After a nonjury trial, the trial court found that Hicksville and the appellant were jointly and severally liable on the contract on the ground that Hicksville and the appellant are "connected familywise and businesswise."

On appeal, the plaintiff specifically states that at trial, it "did not endeavor to pierce any corporate veil to impose" Hicksville's liability on the appellant. The plaintiff further states that it "did not allege" that the appellant "was a guarantor" for Hicksville. Nor does the plaintiff argue agency. Rather, it contends that the evidence established that an oral contract existed directly with the appellant.

In support of its argument that it entered into an oral contract directly with the appellant, the plaintiff's president, who did not participate in the negotiation or formation of the contract, testified that the plaintiff had a "general agreement" with "Lizza's office" and "dealt with the Lizzas," more specifically, Keith Lizza. The plaintiff's salesman who solicited the contract testified that he dealt with Keith Lizza, who he thought was employed by the appellant. However, Keith Lizza was in fact the owner of Hicksville; he was not employed by the appellant.

The plaintiff conceded that all invoices were sent to Hicksville, not to the appellant. The plaintiff's president conceded that he sought payment from Hicksville first, and only sought payment from the appellant when Hicksville failed to pay.

In reviewing a judgment after a nonjury trial, this court may consider the record as a whole and grant the judgment warranted by the facts (*see Daimon v Fridman,* 5 AD3d 426, 427 [2004]; *We're Assoc. Co. v Rodin Sportswear,* 288 AD2d 465, 466 [2001]). The facts established that the plaintiff's contract was with Hicksville, not with the appellant. Accordingly, the judgment must be reversed insofar as appealed from and the complaint must be dismissed insofar as asserted against the appellant. Crane, J.P., Spolzino, Krausman and Goldstein, JJ., concur.