*67 OPINION OF THE COURT
Per Curiam.
Order entered April 9, 2010, modified by granting defendant’s motion to the extent of reducing the amount of the judgment entered against it to the aggregate sum of $1,251; as modified, order affirmed, without costs.
The parties agree that the underlying no-fault first-party action was validly settled, but join issue as to the intended amount of the settlement. The facts leading up to the settlement are undisputed and may be briefly stated as follows: Plaintiff, through counsel, drafted and presented a proposed settlement agreement, dated October 21, 2008, which set forth all material terms of the settlement and provided, in paragraph 4, that “[t]his case is not settled unless this stipulation is signed by a representative of defendant and faxed back to [plaintiff’s attorney].” Upon receipt of plaintiff’s proposal, defense counsel made and initialed several handwritten changes to paragraph 2 of the document — addressing the consequences of a payment default on defendant’s part — with the changes designed to extend the time allotted to defendant to comply with the agreement’s payment terms and, more importantly here, to reduce defendant’s payment obligations in the event it failed to comply. So far as shown, plaintiff voiced no objection to the modifications proposed by defendant nor took any other action in the case for a full six months after defense counsel marked up and returned the stipulation, until March 2009, when plaintiff entered judgment in accordance with the original terms of the stipulation favorable to it.
Given the particular facts and circumstances of this case, and since plaintiff itself acknowledges that the parties’ correspondence yielded an enforceable settlement agreement, we conclude that plaintiff, through “acquiescent conduct” (Eldor Contr. Corp. v County of Nassau, 272 AD2d 509, 509 [2000]) — including its election to forgo any further litigation activity on its no-fault claim — accepted and is bound by the stipulation’s revised terms (see Minelli Constr. Co., Inc. v Volmar Constr., Inc., 82 AD3d 720, 722 [2011]). Accordingly, the amount of the consent judgment issued below must be reduced to the stipulated principal sum of $950, together with the stipulated attorney’s fees ($196) and costs ($105) due plaintiff.
We note finally that the judgment at issue “is not a default judgment as that term is used in pleading and practice, and [the *68 motion court’s] application of law relating to vacating default judgments was erroneous” (Furgang v Epstein, 106 AD2d 609, 610 [1984]).
Torres, J.E, Shulman and Hunter, Jr., JJ., concur.