WDF, Inc. v Trustees of Columbia Univ. in the City of N.Y. (2019 NY Slip Op 01850)





WDF, Inc. v Trustees of Columbia Univ. in the City of N.Y.


2019 NY Slip Op 01850


Decided on March 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2019

Richter, J.P., Gische, Kern, Moulton, JJ.


8729N 651250/16

[*1] WDF, Inc., Plaintiff-Appellant,
v
The Trustees of Columbia University in the City of New York, et al., Defendants-Respondents.


Pepper Hamilton LLP, New York (Frank T. Cara of counsel), for appellant.
Zetlin & DeChiara LLP, New York (Joeann E. Walker of counsel), for The Trustees of Columbia University in the City of New York, respondent.
Milber Makris Plousadis & Seiden, LLP, White Plains (Lorin A. Donnelly of counsel), for Lend Lease (US) Construction LMB, Inc., respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about May 9, 2018, which denied plaintiff's motion to amend the complaint, unanimously affirmed, without costs.
Plaintiff, an HVAC subcontractor hired to perform work on a construction project on Columbia University's Manhattanville campus, filed a complaint alleging, inter alia, that defendants delayed the project causing them damages. To defeat an enforceable no delay damages clause in the subcontract, plaintiff made conclusory allegations to try to apply one of the exceptions
set forth in Corinno Civetta Constr. Corp. v City of New York (67 NY2d 297, 309 [1986]), and this Court affirmed dismissal of the claims relating to delay damages on that basis (156 AD3d 530 [1st Dept 2017]).
Denial of plaintiff's motion was properly denied since the allegations set forth in the proposed amended complaint are "palpably insufficient or clearly devoid of merit" (MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 500 [1st Dept 2010]). Plaintiff merely alleges additional details regarding the delays due to failure to erect the steel work for the building in a timely fashion, not enclosing the building's floors in the winter months, interfering with plaintiff's plan to complete its work on a floor-by-floor basis, having to deal with extreme revisions to change orders and redesigned mechanical work, and failing to provide a complete project schedule. Plaintiff's allegations amount to "inept administration or poor planning" and do not constitute bad faith or willful, malicious, or grossly negligent conduct (Advanced Automatic Sprinkler Co., Inc. v Seaboard Sur. Co., 139 AD3d 424, 425 [1st Dept 2016] [internal quotation marks omitted]). Furthermore, these alleged delays were within the contemplation of the broad no-damages-for-delay clause of the subcontract (see Blau Mech. Corp. v City of New York, 158 AD2d
373, 374 [1st Dept 1990]).
In view of the foregoing, we need not consider whether defendants were prejudiced by plaintiff's delay in seeking leave to amend.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 14, 2019
CLERK