PennyMac Corp v Bongiovanni (2024 NY Slip Op 50452(U))

[*1]

PennyMac Corp v Bongiovanni

2024 NY Slip Op 50452(U)

Decided on April 17, 2024

Supreme Court, Richmond County

Castorina, Jr., J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 17, 2024
Supreme Court, Richmond County

PennyMac Corp, Plaintiff,

against
Danielle Liguori Bongiovanni, SEBASTIAN BONGIOVANNI, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, NEW YORK PARKING VIOLATIONS BUREAU, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, CONNIE LIGUORI and ALLEN CAPELLI AS TEMPORARY GUARDIAN OF MICHAEL BONGIOVANNI A/K/A MICHAEL LIGOURI, Defendant.

Index No. 135011/2016

Attorneys for the Plaintiff
Timothy William Salter 
McCarter & English, LLP 
825 Eighth Avenue 31st Floor
New York, NY 10019 
Phone: (212) 609-6886 
E-mail: tsalter@mccarter.com
Attorney for the Defendant
Pro Se
Referee
John M. O'Dowd 
JOHN M. O'DOWD, JR 
1164 Victory Blvd
Staten Island, NY 10301 
Phone: (718) 273-2500 
E-mail: JOD210@verizon.net

Ronald Castorina, Jr., J.

The following e-filed documents listed on NYSCEF (Motion No. 015) numbered 249-253, 287-293, 296-299 and (Motion No. 016) 255-281, 283-286 were read on this motion. Oral [*2]argument was completed on March 28, 2024. Defendant submitted correspondence via email and NYSCEF (Motion No. 015) numbered 300, which was not considered as Motion Sequence No. 015 was fully submitted was closed.
Upon the foregoing documents, Motion Sequence No. 015 and Motion Sequence No. 016 are resolved and therefore, it is hereby,
ORDERED, that Defendants' request to set aside the Referee's report is GRANTED to the extent that the Forbearance Principal in the amount of $233,670.40 as part of "Other Charges" is excluded from the Referee's report with prejudice; and it is further,
ORDERED, that Defendants' objection solely to the inclusion of the Forbearance Principal in the amount of $233,670.40 as part of "Other Charges" is GRANTED; and it is further,
ORDERED, that Defendants' request to reassign another Referee is DENIED with prejudice; and it is further,
ORDERED, that Defendants' request for hearings regarding the Forbearance Principal is DENIED as moot; and it is further,
ORDERED, that Defendants' request for a finding that Plaintiff negotiated and acted in bad faith is unsubstantiated by the evidence presented and DENIED with prejudice; and it is further,
ORDERED, that Plaintiff's request to confirm the Referee's report made in accordance with RPAPL § 1321 is GRANTED to the extent that the Forbearance Principal in the amount of $233,670.40 as part of "Other Charges" is excluded from the Referee's report and from the sum due as of January 1, 2024; and it is further,
ORDERED, that Plaintiff's request for a Judgment of Foreclosure and Sale pursuant to pursuant to RPAPL § 1351 is GRANTED; and it is further,
ORDERED, that Plaintiff's request for the distribution of the sale proceeds pursuant to RPAPL § 1354 is GRANTED; and it is further,
ORDERED, that Plaintiff's request to amend the caption by substituting as Plaintiff, JDRM LLC DBPT, JD & SM LLC, in place of PENNYMAC CORP for is GRANTED; and it is further,
ORDERED, that Plaintiff's request for an award of legal fees and costs is GRANTED in the in the sum of $144,000.00 [ONE HUNDRED FORTY-FOUR THOUSAND DOLLARS AND NO CENTS]; and it is further,
ORDERED, that the Plaintiff shall submit on notice via NYSCEF a revised proposed Order in compliance with the findings in this Decision and Order confirming the Referee's Report and a Judgment of Foreclosure and Sale, within 20 days.
ORDERED, that the Clerk of the Court shall enter judgment accordingly.
 Memorandum Decision

 I. Procedural History
This residential mortgage foreclosure action was commenced by filing the summons and complaint in the Richmond County Clerk's Office on or about January 29, 2016, the County where the mortgaged property is located. (NY St Cts Filing [NYSCEF] Doc No. 268). The action was brought to foreclose a mortgage executed by Danielle Liguori Bongiovanni, Sebastian [*3]Bongiovanni (hereinafter collectively as "Defendants"), dated November 13, 2007, and recorded in the Office of County Clerk, County of Richmond on May 21, 2008, as Document No.: 252987. (see id).
The loan was modified by a loan modification agreement effective October 1, 2011. (see id). The loan was further modified by a loan modification agreement dated December 16, 2013. (see id). Ultimately the loan was assigned to JDRM LLC DBPT, JD & SM LLC. (NY St Cts Filing [NYSCEF] Doc No. 258). On or about January 7, 2016, Plaintiff filed a notice of pendency in accordance with RPAPL § 1331 and CPLR Article 65 in conjunction with the Summons and Complaint. (NY St Cts Filing [NYSCEF] Doc No. 261). Successive notices of pendency were filed on or about April 24, 2019, and on or about March 4, 2024. (NY St Cts Filing [NYSCEF] Doc No. 262). Plaintiff filed a certificate of merit on or about February 3, 2011. (NY St Cts Filing [NYSCEF] Doc No. 274).
On December 8, 2016, extensive motion practice ensued and on April 17, 2019, the Hon. Thomas Aliotta granted Plaintiff's motion for summary judgment and appointed a Referee. (NY St Cts Filing [NYSCEF] Doc No. 266). The Referee was Ordered to conduct a referee's hearing and compute the amount due upon the bond(s)/note(s) and mortgage(s) being foreclosed in this action. (see id).
On or about September 27, 2019, Defendants were served with a notice of computation with exhibits. (NY St Cts Filing [NYSCEF] Doc No. 278). The Exhibits provided to the Referee include the unaltered modification agreement, along with internal emails discussing the deferred principal balance of $233,670.40. (see id). Plaintiff maintains that a Referee hearing was held before the Referee on November 30, 2022, (NY St Cts Filing [NYSCEF] Doc No. 268), while Defendants contend that hearing was held in January 2023 (NY St Cts Filing [NYSCEF] Doc No. 249). Defendants contests the findings of the hearing, which did not have a stenographer present.
On January 9, 2024, the Referee submitted his oath and report based on the hearing that was conducted. (NY St Cts Filing [NYSCEF] Doc No. 268). The Referee computed that amounts due and owing to Plaintiff as of January 1, 2024, is $1,094,552.30. (see id).
On March 4, 2024, Defendants filed Motion Sequence No. 015 by Notice of Motion seeking (a) to set aside the Referee Report and/or Grant Defendants Objection to the Referee Report; and to Reassign another Referee; and/or (b) a hearing to determine deferred principal balance; (c) a finding that Plaintiff negotiated and acted in bad faith and awarding Defendants a reduction in interest owed and monetary damages; and (d) such other relief as this court may deem just and proper.
Plaintiff filed opposition to Motion Sequence No. 015 on March 26, 2024. Defendants filed reply via email on Motion Sequence No. 015 on March 28, 2024, and reply was uploaded to NYSCEF on April 1, 2024.
On March 5, 2024, Plaintiff filed Motion Sequence No. 016 by Notice of Motion seeking (1) to confirm the Referee's report made in accordance with RPAPL § 1321; (2) a Judgment of Foreclosure and Sale pursuant to RPAPL § 1351; (3) to direct the distribution of the sale proceeds pursuant to RPAPL § 1354; (4) legal fees and costs pursuant to the mortgage agreement in the amount of $181,193.55; (5) to amending the caption to substitute JDRM LLC DBPT, JD & SM LLC, be substituted in place of PENNYMAC CORP; and (6) such additional relief as this court may deem just and proper.
Defendants filed opposition to Motion Sequence No. 016 on March 25, 2024. Plaintiff [*4]filed reply on March 27, 2024.
On March 28, 2024, oral argument was heard on Motion Sequence No. 015 and Motion Sequence No. 016. On April 3, 2024, Defendants contacted the court via email seeking to add an additional correspondence to its Motion Sequence No. 015 submission. This correspondence was subsequently uploaded to NYSCEF. (NY St Cts Filing [NYSCEF] Doc No. 300). This additional correspondence, which was added after Motion Sequence No. 015 had been marked fully submitted and oral argument completed, has not been considered by the court.

 II. Facts
This residential mortgage foreclosure action was commenced by filing the summons and complaint in the Richmond County Clerk's Office on January 7, 2016, the County where the mortgaged property is located. The action was brought to foreclose a mortgage executed by Defendants, dated November 13, 2007, and recorded in the Office of County Clerk, County of Richmond on May 21, 2008 as Document No.: 252987.
The loan was modified by a loan modification agreement effective October 1, 2011. The loan was further modified by a loan modification agreement dated December 16, 2013. This second modification contract was executed through the mail with a mail date of December 16, 2023. The contract as sent by the Plaintiff provides "[t]he new principal amount of the Note is $781,026.57" (NY St Cts Filing [NYSCEF] Doc No. 288). The agreement further provides "One additional payment of $233,670.40, your deferred principal balance, is due on 12/01/2053 for your loan to be paid in full. (see id).
The fully executed contract that was signed by the Defendants on January 9, 2014, and signed by the Plaintiff on January 15, 2014, provides, "The new principal amount of the note is $547,356.17." (NY St Cts Filing [NYSCEF] Doc No. 290). The amount inserted in this document does not match the font of the rest of the document, nor is it in proper alignment with the rest of the sentence. The document further contains no reference to any deferred principal balance. (see id).
The loan was ultimately assigned to JDRM LLC DBPT, JD & SM LLC. On or about January 7, 2016, Plaintiff filed a notice of pendency in accordance with RPAPL § 1331 and CPLR Article 65 in conjunction with the summons and complaint. Plaintiff filed a successive notices of pendency. A certificate of merit was filed on or about February 3, 2011.
In September 2016, Plaintiff informed the Court, Hon. Thomas Aliotta, that they were unable to continue with settlement discussions or move forward for an order of reference pending an internal investigation by PennyMac regarding the alleged discrepancy as to deferred interest in the 2014 Modification Agreement. (NY St Cts Filing [NYSCEF] Doc No. 276). On April 17, 2019, after extensive motion practice, Hon. Thomas Aliotta granted Plaintiff's motion for summary judgment and appointed a referee.
Plaintiff served a notice of computation dated April 26, 2019, that included its Exhibits. The Exhibits provided by the Plaintiff to the Referee included a copy of the original unaltered 2014 Modification Agreement, and internal emails discussing the deferred principal balance of $233,670.40. The Referee held a hearing on November 30, 2022. On January 9, 2024, the Referee submitted his oath and report based on the hearing that took place on November 30, 2022. The Referee computed that amounts due and owing to Plaintiff as of January 1, 2024, is $1,094,552.30. Defendants contest the inclusion of the deferred principal balance in the amount [*5]of $233,670.40.

 III. The Referee's Report
"The 'Supreme Court has the authority to engage a Referee to compute and report the amount due under a mortgage'" (see Bank of Am., N.A. v Barton, 199 AD3d 625 [2d Dept 2021] quoting Shultis v Woodstock Land Dev. Assocs., 195 AD2d 677 [3rd Dept 1993] citing RPAPL § 1321 [1]). "In cases involving references to report, the Supreme Court is the ultimate arbiter of the dispute and has the power to reject the Referee's report and make new findings" (see id quoting Countrywide Home Loans, Inc. v Hershkop, 188 AD3d 1148 [2d Dept 2020] citing CPLR § 4403).
On April 7, 2019, the Hon. Thomas Aliotta granted default judgment against Defendants and appointed a Referee "to, with convenient speed, ascertain and compute the amount due upon the bond(s)/note(s) and mortgage(s) being foreclosed in this action, except attorneys' fees' and to examine and report whether the mortgaged premises can be sold in parcels" (NY St Cts Filing [NYSCEF] Doc No. 250). It was further Ordered that "the Referee shall take testimony pursuant to RPAPL section 1321" (see id).
The decision and order by the Hon. Thomas Aliotta on April 17, 2019, provided,
[T]here is no proof that plaintiff's conduct was intentionally misleading, or deceptive, or otherwise not in good faith. The same is true insofar as defendant's conclusory allegations that plaintiff engaged in frivolous conduct by failing to review relevant documents. The foregoing accusations do not rise to a level of frivolous conduct or bad faith. Moreover, since plaintiff has established a prima facie case for foreclosure, it has therefore demonstrated that the commencement of this action was not frivolous within the meaning of Part 130 of the Rules of the Chief Administrator (22 NYCRR 130.1-1). Instead, the claims all revolve around the alleged inconsistencies in the claimed amount due. Such inconsistencies, however, must be reconciled by the referee pursuant to RPAPL § 1321[.] In this regard, the appointed referee is permitted to take testimony with regard to any and all documents relative to said loan, and make a determination based thereon. (NY St Cts Filing [NYSCEF] Doc No. 251).
It is established that 'a dispute as to the total amount of indebtedness does not preclude an award of summary judgment to the plaintiff on the issue of foreclosure, but is properly raised before the Referee in computing the amount due'" (see Emigrant Bank v Cohen, 205 AD3d 103 [2d Dept 2022] quoting Excel Capital Group Corp. v 225 Ross St. Realty, Inc., 165 AD3d 1233 [2d Dept 2018] citing RPAPL § 1321; Shufelt v Bulfamante, 92 AD3d 936 [2d Dept 2012]).
Pursuant to CPLR § 4403, "any party may move to confirm or reject a referee's report, in whole or in part, . . . 'In enacting CPLR 4403, the Legislature intended that the parties point out in what respects, if any, the Referee's report or his [or her] conduct of the proceedings is erroneous'" (see Citimortgage v Stuckova, 199 AD3d 984 [2d Dept 2021] quoting Passaro v Henry, 251 AD2d 390 [2d Dept 1998]; citing Breland v Motor Vehicle Accident Indemnification Corp., 24 AD2d 881 [2d Dept 1965]).
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (see Wilmington Sav. Fund Socy., FSB v Isom, 190 AD3d 786 [2d Dept 2021] quoting U.S. Bank N.A. v Sheth, 177 AD3d 1018 [2d Dept 2019]; citing HSBC Bank USA, N.A. v [*6]Cherestal, 178 AD3d 680 [2d Dept 2019]).
"The referee's findings and recommendations are advisory only and have no binding effect on the court, which remains the ultimate arbiter of the dispute" (see id quoting Citimortgage, Inc. v Kidd, 148 AD3d 767 [2d Dept 2017]; citing Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d 1308 [2d Dept 2019]).
Defendants accepts the Referee report calculations pertaining to (1) Principal Balance of $545,116.63 (2) Escrow Balance (Insurance Premiums/Taxes) of $106,482.17 and (3) Interest expense of $163,478.21 (not including tolling). (NY St Cts Filing [NYSCEF] Doc No. 234). Defendant maintains the key issue, is the dispute of the alleged forbearance amount of $233,670.40." (see id).
On November 30, 2022, the Referee's hearing was conducted. (NY St Cts Filing [NYSCEF] Doc No. 268). Defendants allege that the Plaintiff "had had initially agreed to have a stenographer so that the Courts can review the minutes of the hearing, if need be. At the time of the hearing Plaintiff did not have Stenographer and [over] Defendants objection the Referee held the hearing." (NY St Cts Filing [NYSCEF] Doc No. 249).
The Order of Hon. Thomas Aliotta required the Referee "to, with convenient speed, ascertain and compute the amount due upon the bond(s)/note(s) and mortgage(s) being foreclosed in this action, except attorneys' fees' and to examine and report whether the mortgaged premises can be sold in parcels" (NY St Cts Filing [NYSCEF] Doc No. 250). This Order made no provision requiring a stenographer to be present during the Referee computation hearing. Further Defendants make no allegation that they were barred from hiring their own stenographer at their expense and having said stenographer present. Defendants further provide no evidence that the Plaintiff had agreed to provide a stenographer at Plaintiff's expense to record a transcript of the hearing.
The Referee provided the Court with a Schedule of documentary evidence introduced at the hearing of November 30, 2022. Schedule "A" is as follow:
1. Note November 13, 2007
2. Mortgage November 13, 2007
3. Home Affordable Modification Agreement, dated September 19, 2011
4. Penny Mac Documents
5. Modification Agreement, dated December 16, 2013
6. Assignment of Mortgage December 15, 2013
7. Limited Power of Attorney, dated June 21, 2017
8. Statement from Servicing Corp., dated November 29, 2022
9. Affidavit of Jeremy Doppelt, dated January 25, 2023
10. Submission from Plaintiff's Counsel, dated March 31, 2023. (NY St Cts Filing [NYSCEF] Doc No. 268 at page 4).
The Referee further provided a statement of computation showing the amounts due for principal, interest, insurance premiums, taxes, and any other charges due and owing under the terms of said Note/Bond and mortgage. Schedule "B" is as follows:

Principal

$545,116.63

Interest

$163,478.21

[*7]Insurance Premiums Taxes

$106,482.17

Other Charges

$279,475.30

Total Due and Owing as of January 1, 2024

$1,094,552.30

(see id at page 5).
Defendant only disputes the accuracy of the "Other Charges" reported in the Referee's Report. (NY St Cts Filing [NYSCEF] Doc No. 234). These "Other Charges" are broken out as follows:

Attorney Fees

$15,375.00

Forbearance Principal

$233,670.40

Foreclosure Expenses

        $301.46

Prior Servicer Corporate Advances

$30,128.44

Total

$279,475.30

(NY St Cts Filing [NYSCEF] Doc No. 268 at page 68).
The evidence provided in the Referee's Report substantially supports an accumulation by the Defendants of legal fees in the amount of $15,375.00, Prior Servicer Corporate Advances in the amount of $30,128.44, and foreclosure expenses in the amount of $301.46. (NY St Cts Filing [NYSCEF] Doc No. 268 at pages 69-70).
The affidavit of Nicholas Schwegel, Vice President Default Servicing of PennyMac Loan Services provides,
The Intended Modification confirmed that the unpaid principal balance of the Mortgage Loan under the Note, Mortgage, and 2011 Modification Agreement was $725,483.99 and provided that this amount was modified to increase the principal balance by the amounts of the arrears ($55,542.58), which included past due interest ($24,857.75), past due escrow items ($28,589.83) and servicing costs ($2,095.00) for a new modified principal amount of $781,026.57 (the "Intended Modified Principal Balance"), plus "one additional payment of $233,670.40" in deferred principal when the Mortgage Loan was due. (NY St Cts Filing [NYSCEF] Doc No. 243).
By written agreement effective January 1, 2014 (the "2014 Modification Agreement"), the Mortgage Loan was modified for a second time. (see id).
The 2014 Modification Agreement also confirmed that the unpaid principal balance of the Mortgage Loan under the Note, Mortgage, and 2011 Modification Agreement was $725,483.99 and provided that this amount was modified to increase the principal balance by the amounts of the arrears ($55,542.58), which included past due interest ($24,857.75), past due escrow items ($28,589.83) and servicing costs ($2,095.00). [*8]However, the 2014 Modification Agreement indicated that the modified principal amount was $547,356.17 (the "2014 Modified Principal Balance") - an amount that is lower than the $725,482.99 principal balance prior to modification. (see id).
Plaintiff submitted evidence of the intended modification between the parties with a mail date of December 16, 2013. This agreement clearly provides "The new principal amount of the Note is $781,026.57" (NY St Cts Filing [NYSCEF] Doc No. 288). The agreement further provides "One additional payment of $233,670.40, your deferred principal balance, is due on 12/01/2053 for your loan to be paid in full." (see id).
Plaintiff contends that the modification agreement, which was executed by the mail, was fraudulently altered by the Defendant. In the executed provides, "The new principal amount of the note is $547,356.17." (NY St Cts Filing [NYSCEF] Doc No. 290). The amount inserted in this document does not match the font of the rest of the document, nor is it in proper alignment with the rest of the sentence. The document has been further altered in that the end sentence regarding the deferred principal balance has been deleted. (see id).
"The interpretation of a mortgage, like any contract, 'is to be arrived at by a fair consideration of all its terms and provisions' (see Archer v Skokan, 70 AD3d 877 [2d Dept 2010] quoting Harnickell v Omaha Water Co., 146 App Div 693, [1st Dept 1911], affd 208 NY 520 [1913]; citing William C. Atwater & Co. v Panama R. Co., 246 NY 519 [1927]; Clason's Point Land Co. v Schwartz, 237 AD 741 [1st Dept 1933]).
"Particular words should be considered, not as if isolated from the context, but in the light of the obligation as a whole and the intention of the parties as manifested thereby. Form should not prevail over substance and a sensible meaning of words should be sought" (see id quoting William C. Atwater & Co. v Panama R. Co., 246 NY 519 [1927]; citing Clason's Point Land Co. v Schwartz, 237 A.D. 741 [1st Dept 1933]; Harnickell v Omaha Water Co., 146 A.D. 693 [1st Dept 1911]).
"[A] contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself. Consequently, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (see Falanga v Hillabrant, 208 AD3d 1308 [2d Dept 2022] quoting 25 Bay Terrace Assoc., L.P. v. Public Serv. Mut. Ins. Co., 194 AD3d 668 [2d Dept 2021], quoting MHR Capital Partners LP v. Presstek, Inc., 12 NY3d 640 [2009]).
"A contract is unambiguous if the language it uses has a 'definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion'" (see id quoting Greenfield v Philles Records, 98 NY2d 562 [2002], quoting Breed v Insurance Co. of North America, 46 NY2d 351 [1978]).
"Ambiguity in a contract arises when the contract, read as a whole, fails to disclose its purpose and the parties' intent, or when specific language is susceptible of two reasonable interpretations" (see id quoting Legum v Russo, 133 AD3d 638 [2d Dept 2015], quoting Ellington v EMI Music, Inc., 24 NY3d 239 [2014]). "Whether or not a contract provision is ambiguous is a question of law to be resolved by a court" (see id quoting Garcia v Am. Gen. Life Ins. Co., 264 AD2d 808 [2d Dept 1999]).
There is no ambiguity in the fully executed Modification Agreement, executed by the Defendants on January 9, 2014 and by the Senior Vice-President, Asset Management, Michael Drawdy om January 15, 2014. (NY St Cts Filing [NYSCEF] Doc No. 290). The modification [*9]agreement contract as executed does not contain the language regarding one additional payment of $233,670.40, as and for Defendants deferred principal balance to be paid on 12/01/2053 for the loan to be paid in full. (see id). Although the figure has been added to the contract as the alignment is slightly off and the font used is different from the rest of the document, the fully executed contract further clearly states "The new principal amount of the note is $547,356.17." (see id).
On September 6, 2017, Plaintiff uploaded to NYSCEF the affidavit of Manuel Mata, Jr., an assistant vice president for default servicing of PennyMac Loan Services. (NY St Cts Filing [NYSCEF] Doc No. 86; 297). Mr. Mata provides "In my capacity as an Assistant Vice President, Default Servicing, at PennyMac, I am duly authorized to make this affidavit on behalf of PennyMac and Plaintiff." (see id). Mr. Mata further provides, "By written agreement effective January 1, 2014 (the "2014 Modification"), the Mortgage Loan was modified for a second time. A true and accurate copy of the fully executed 2014 Modification is attached as "Exhibit D" and incorporated by reference." (see id). "Exhibit D" is the aforementioned fully executed loan modification that executed by the Defendants on January 9, 2024 and by the Senior Vice-President, Asset Management, Michael Drawdy om January 15, 2014. (NY St Cts Filing [NYSCEF] Doc No. 90; 290).
Part of "Exhibit 8" of the Referee's report includes copies of Defendants' mortgage statements leading up to and just after the 2014 Modification. (NY St Cts Filing [NYSCEF] Doc No. 268 pages 71-77). On the Defendants' November 18, 2013 monthly mortgage statement the principal balance was $596,583.99. (see id at page 71). The monthly mortgage statement dated, December 17, 2013 reflects the principal balance again being $596,583.99. (see id at page 73). Following the 2014 Modification, the first monthly mortgage statement reflects the Defendants' having a principal balance of $547,356.17. (see id at page 75). There is no indication of Defendants owing a deferred balance in the amount of $233,670.40.
Both parties allege fraud against the other. Plaintiff contends that Defendants altered the loan modification agreement and Defendants claim Plaintiff is fraudulently attempting to recoup losses by adding an additional $233,670.40 to Defendants' principal.
"To create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms . . . Generally, courts look to the basic elements of the offer and the acceptance to determine whether there is an objective meeting of the minds sufficient to give rise to a binding and enforceable contract" (see Kelley v Bryan Ins. Agency, Inc., 176 AD3d 1042 [2d Dept 2019] quoting Express Indus. & Terminal Corp. v New York State DOT, 93 NY2d 584 [1999]; citing Robison v Sweeney, 301 AD2d 815 [3rd Dept 2003]).
"It is a fundamental rule of contract law that an acceptance must comply with the terms of the offer" (see id quoting Gram v Mutual Life Ins. Co., 300 NY 375 [1950]), and "if qualified with conditions it is equivalent to a rejection and counteroffer" (see id quoting Roer v Cross County Medical Center Corp., 83 AD2d 861 [2d Dept 1981]; citing Woodward v Tan Holding Corp., 32 AD3d 467 [2d Dept 2006]).
The modification of a contract by one party constitutes a counteroffer. (see Daimon v Fridman, 5 AD3d 426 [2d Dept 2004]; citing Harper v Rodriguez, 272 AD2d 372 [2d Dept 2000]). "[A] counteroffer may be accepted by conduct (see id citing Eldor Contr. Corp. v County of Nassau, 272 AD2d 509 [2d Dept 2000]; Otis Elevator Co. v George A. Fuller Co., 172 AD2d 732 [2d Dept 1991]; McIntosh v Niederhoffer, Cross & Zeckhauser, 106 AD2d 774 [3rd Dept [*10]1984]; John William Costello Assocs. v Std. Metals Corp., 99 AD2d 227 [1st Dept 1984]).
"[T]he existence of a binding contract is not dependent on the subjective intent of [the parties]. In determining whether the parties entered into a contractual agreement . . . , it is necessary to look, rather, to the objective manifestations of the intent of the parties as gathered by their expressed words and deeds" (see Utica Bldrs., LLC v Collins, 176 AD3d 897 [2d Dept 2019] quoting Brown Bros. Electrical Contractors, Inc. v. Beam Constr. Corp., 41 NY2d 397 [1977]; citing Civilized People, Inc. v Milk St. Café, Inc., 129 AD3d 761 [2d Dept 2015]; Minelli Constr. Co., Inc. v Volmar Constr., Inc., 82 AD3d 720 [2d Dept 2011]).
""It has long been the rule that ambiguities in a contractual instrument will be resolved contra proferentem, against the party who prepared or presented it" (see Natt v White Sands Condominium, 95 AD3d 848 [2d Dept 2012] quoting 151 West Associates v Printsiples Fabric Corp., 61 NY2d 732 [1984]).
Plaintiff alleges that by "an order entered on April 24, 2017, the court stated that Plaintiff learned that [Defendant Sebastian Bongiovanni] altered the December 13, 2016 loan modification agreement, when a copy of the unsigned agreement was presented in court by Plaintiff's representative. (NY St Cts Filing [NYSCEF] Doc No. 256). The alleged alteration of the 2014 Modification Agreement by Defendant Sebastian Bongiovanni would have constituted a counteroffer. (see Daimon v Fridman, 5 AD3d 426 [2d Dept 2004]; citing Harper v Rodriguez, 272 AD2d 372 [2d Dept 2000]).
Had Plaintiff exercised reasonable care and due diligence in reviewing the 2014 Modification Agreement upon its return from the Defendants, the Plaintiff could have chosen to accept or rejected Defendants proposed counteroffer. As the modifications constituted a counteroffer, Plaintiff had the ability to expressly reject them. (see Winiarski v Duryea Assocs., LLC, 14 AD3d 697 [2d Dept 2005]; citing Kling Real Estate, Ltd. v DePalma, 306 AD2d 445 [2d Dept 2003]; Harper v Rodriguez, 272 AD2d 372 [2d Dept 2000]). Had Plaintiff expressly rejected the Defendants counteroffer, the parties would never have come to a meeting of the minds regarding the essential terms of the agreement and there would have been no binding and enforceable contract. (see id citing Kling Real Estate, Ltd. v. DePalma, 306 AD2d 445 [2d Dept 2003]; Harper v Rodriguez, 272 AD2d 372 [2d Dept 2000]; Levi v Smith, 242 AD2d 564 [2d Dept 1997]; May v Wilcox, 182 AD2d 939 [3rd Dept 1992]).
"Pursuant to CPLR § 4403, the Supreme Court has the power to 'confirm or reject, in whole or in part . . . the report of a referee' and may 'make new findings with or without taking additional testimony'" (see Campbell v New Way Life, Inc., 190 AD3d 928 [2d Dept 2021] quoting Excel Capital Group Corp. v 225 Ross St. Realty, Inc., 165 AD3d 1233 [2d Dept 2018]; GMS Batching, Inc. v TADCO Constr. Corp., 120 AD3d 549 [2d Dept 2014]).
Here, the Referee's finding that the Defendants owe a Forbearance Principal in the amount of $233,670.40 as part of "Other Charges" was not substantially supported by the record and is rejected from the Referee's report.
Accordingly, Defendants' request to set aside the Referee's report is GRANTED to the extent that the Forbearance Principal in the amount of $233,670.40 as part of "Other Charges" is excluded from the Referee's report with prejudice; and it is further,
ORDERED, that Defendants' objection solely to the inclusion of the Forbearance Principal in the amount of $233,670.40 as part of "Other Charges" is GRANTED; and it is further,
ORDERED, that Defendants' request to reassign another referee is DENIED with [*11]prejudice; and it is further,
ORDERED, that Defendants' request for hearings regarding the Forbearance Principal is DENIED as moot; and it is further,
ORDERED, that Defendants' request for a finding that Plaintiff negotiated and acted in bad faith is unsubstantiated by the evidence presented and DENIED with prejudice; and it is further,
ORDERED, that Plaintiff's request to confirm the Referee's report made in accordance with RPAPL § 1321 is GRANTED to the extent that the Forbearance Principal in the amount of $233,670.40 as part of "Other Charges" is excluded from the Referee's report and from the sum due as of January 1, 2024; and it is further,
ORDERED, that Plaintiff's request for a Judgment of Foreclosure and Sale pursuant to pursuant to RPAPL § 1351 is GRANTED; and it is further,
ORDERED, that Plaintiff's request for the distribution of the sale proceeds pursuant to RPAPL § 1354 is GRANTED; and it is further,
ORDERED, that Plaintiff's request to amend the caption by substituting as Plaintiff, JDRM LLC DBPT, JD & SM LLC, in place of PENNYMAC CORP for is GRANTED and the caption shall read as follow:
------------------------------------------------------------------x
JDRM LLC DBPT, JD & SM LLC,                                            Plaintiff,
                  
-against
DANIELLE LIGUORI BONGIOVANNI, SEBASTIAN
BONGIOVANNI, NEWYORK CITY TRANSIT
ADJUDICATION BUREAU, NEWYORK PARKING
VIOLATIONS BUREAU, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD,
CONNIE LIGUORI and ALLEN CAPELLI
AS TEMPORARY GUARDIAN OF MICHAEL
BONGIOVANNI A/K/A MICHAEL LIGOURI,                                            Defendants.
------------------------------------------------------------------x
It is further, ORDERED, that the Plaintiff shall submit on notice via NYSCEF a revised proposed Order in compliance with the findings in this Decision and Order confirming the Referee's Report and a Judgment of Foreclosure and Sale, within 20 days.

 IV. Legal Fees and Costs
The Mortgage Note, dated November 13, 2007, section 6, provides
(B) Default
If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.
(C) Notice of Default
If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay [*12]immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.
(D) No Waiver By Note Holder
Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.
(E) Payment of Note Holder's Costs and Expenses
If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees. (NY St Cts Filing [NYSCEF] Doc No. 268).
"Since there is no statute in New York authorizing the recovery of an attorney's fee in a mortgage foreclosure action, such a fee may only be recovered if it is contractually authorized" (see Purmm Capital Corp. v 697 Evergreen Ave., Inc., 172 AD3d 1414 [2d Dept 2019] quoting Vigo v 501 Second St. Holding Corp., 121 AD3d 778 [2d Dept 2014]).
Pursuant to the terms of the relevant mortgage instrument, the plaintiff was entitled to "reasonable attorneys' fees." (NY St Cts Filing [NYSCEF] Doc No. 268). "The award of a reasonable attorney's fee pursuant to such a contractual provision is within the sound discretion of the court, based upon such factors as the time and labor required, the difficulty of the issues involved, and the skill and effectiveness of counsel." (see Purmm Capital Corp. v 697 Evergreen Ave., Inc., 172 AD3d 1414 [2d Dept 2019] citing People's United Bank v Patio Gardens III, LLC, 143 AD3d 689 [2d Dept 2016]; Vigo v 501 Second St. Holding Corp., 121 AD3d 778 [2d Dept 2014]).
"An award of reasonable attorneys' fees is within the sound discretion of the court, based upon such factors as the time and labor required, the difficulty of the issues involved, and the skill and effectiveness of counsel" (see SO/Bluestar, LLC v Canarsie Hotel Corp., 33 AD3d 986 [2d Dept 2006] citing Juste v NY City Transit Auth., 5 AD3d 736 [2d Dept 2004]).
Plaintiff has submitted three affirmations of services rendered, made under penalties of perjury (see CPLR § 2106), together with the statement of legal fees attached thereto, adequately showing the legal fees and cost incurred by the plaintiff in the prosecution of this action. (NY St Cts Filing [NYSCEF] Doc No. 269). The Court has considered the extensive and protracted motion practice involved in this matter, the reasonableness of compensation under the circumstances of this case, and considered, among other things, the prevailing hourly rate for similar legal work in the community. Accordingly, Plaintiff's request for an award of legal fees and costs is GRANTED in the in the sum of $144,000.00 [ONE HUNDRED FORTY-FOUR THOUSAND DOLLARS AND NO CENTS].
Decretal Paragraphs
ORDERED, that Defendants' request to set aside the Referee's report is GRANTED to the extent that the Forbearance Principal in the amount of $233,670.40 as part of "Other Charges" is excluded from the Referee's report with prejudice; and it is further,
ORDERED, that Defendants' objection solely to the inclusion of the Forbearance Principal in the amount of $233,670.40 as part of "Other Charges" is GRANTED; and it is [*13]further,
ORDERED, that Defendants' request to reassign another referee is DENIED with prejudice; and it is further,
ORDERED, that Defendants' request for hearings regarding the Forbearance Principal is DENIED as moot; and it is further,
ORDERED, that Defendants' request for a finding that Plaintiff negotiated and acted in bad faith is unsubstantiated by the evidence presented and DENIED with prejudice; and it is further,
ORDERED, that Plaintiff's request to confirm the Referee's report made in accordance with RPAPL § 1321 is GRANTED to the extent that the Forbearance Principal in the amount of $233,670.40 as part of "Other Charges" is excluded from the Referee's report and from the sum due as of January 1, 2024; and it is further,
ORDERED, that Plaintiff's request for a Judgment of Foreclosure and Sale pursuant to pursuant to RPAPL § 1351 is GRANTED; and it is further,
ORDERED, that Plaintiff's request for the distribution of the sale proceeds pursuant to RPAPL § 1354 is GRANTED; and it is further,
ORDERED, that Plaintiff's request to amend the caption by substituting as Plaintiff, JDRM LLC DBPT, JD & SM LLC, in place of PENNYMAC CORP for is GRANTED; and it is further,
ORDERED, that Plaintiff's request for an award of legal fees and costs is GRANTED in the in the sum of $144,000.00 [ONE HUNDRED FORTY-FOUR THOUSAND DOLLARS AND NO CENTS]; and it is further,
ORDERED, that the Plaintiff shall submit on notice via NYSCEF a revised proposed Order in compliance with the findings in this Decision and Order confirming the Referee's Report and a Judgment of Foreclosure and Sale, within 20 days.
ORDERED, that the Clerk of the Court shall enter judgment accordingly.
The foregoing shall constitute the Decision and Order of this Court. 
Dated: April 17, 2024
Staten Island, New York
E N T E R,
HON. RONALD CASTORINA, JR.
JUSTICE OF THE SUPREME COURT